## M. S. HEDDRICK v. T. & C. BANISTER.

A due bill was sued upon more than four years after its maturity. It was signed by the defendant, but the body of the bill was not in her handwriting. A blank space was left, in which the amount expressed to be due was inserted in the handwriting of the plaintiff himself. In the intervening time between the maturity of the note and the institution of the suit, plaintiff had two settlements, one with Mr. *Banister* and one with Mrs. *Banister*, the defendants, which purported to be settlements in full. For a long time subsequent to the date of the bill, the plaintiff had access to the papers and accounts of the defendants, and stood generally on the footing of a confidential business adviser, until a quarrel occurred, which put an end to all friendly intercourse. *Held:* that these settlements are not proof of payment of the due bill, nor could they have been admitted for that purpose, but they were admissible as forming a part of the circumstances, and as tending to show the character of the business transactions and relations subsisting between the plaintiff and the defendants, from which an inference may be drawn with reference to the reality of a consideration for the due bill, and that, under these circumstances, a sufficient showing has been made to shift the burthen of a valid consideration for the due bill from the defendants upon the plaintiff.

APPEAL from the Fifth District Court of New Orleans, *Augustin,* J.

T. W. *Collens,* for plaintiff.  *Durant & Hornor,* for defendants and appellants.

LEA, J.  This is a suit upon a written acknowledgment and promise to pay to the plaintiff $1000, borrowed money, alleged to have been executed by the defendant, *Charlotte Banister,* who is and was, at the time of the alleged execution of the note or due bill, a public merchant, resident in this city, acting in her capacity as such, with the full knowledge and consent of her husband, who is made co-defendant herein, and against whom, together with his wife, judgment is prayed *in solido.*

Notwithstanding the wide range of the testimony adduced on the trial of the case, and the somewhat ambiguous character of the answer, it appears to us that the defence must be confined, under the pleadings, to a denial of any consideration whatever for the note or due bill, a denial of title in the plaintiff, and of any authority on the part of the defendant, Mrs. *Banister,* to execute the note. No plea of payment has been made by the defendants, and the genuineness of the defendant's signature must be considered as admitted by the pleadings, if not established by the evidence.

It is also admitted, that, at the date of the note, Mrs. *Banister* was a public merchant, trading in her own name. It may be assumed also, that in a business of the character and extent of that in which the defendant was engaged, occasional loans, for the purpose of carrying on the business, would properly come within the scope of "commercial contracts," such as a married woman, who was a public merchant, might be authorized to make, and in such case, the reasonable presumption would be, that the money so borrowed was used in her business.

Applying these principles to the facts of the case, so far as they are established by legal evidence, we nevertheless think, the plaintiff has failed to make out a

<div style="text-align: right">
</div>

conclusive case against the defendants. It is proper to remark, however, that, in considering the case, we throw out of view all the testimony taken on the first trial of the case, in which the defendant was not properly before the court; which testimony was objected to by the defendants, as appears by the bills of exceptions.

Apart from the testimony of *Clidsey* and Mrs. *Conklin*, which we think was inadmissable, the plaintiff's case rests almost exclusively on the testimony of *Robert Carter*, which, in some respects, is not only inconsistent with itself, but unsatisfactory from the apparent interest which he appears to have taken in the plaintiff's success in this suit.

The instrument sued on bears date of the 24th January, 1849, and matured on the 1st September of the same year. Assuming that it was signed by the defendant, Mrs. *Banister*, it is clear that the body of the note was not in her handwriting, and that a blank space was left, in which the amount expressed to be due was inserted, which insertion is shown to be in the handwriting of the plaintiff himself.

This due bill, it appears, was not sued upon till the latter part of December, 1853, more than four years after its maturity, and in the intervening space between the maturity of the note and the institution of the suit, it appears that the plaintiff had two settlements, one with Mr. *Banister* and one with Mrs. *Banister*, which purported to be settlements *in full*. Those receipts are not proof of payment of the due bill, nor could they have been admitted for that purpose, but they were admissable as forming a part of the circumstances, and as tending to show the character of the business transactions and relations subsisting between the plaintiff and the defendant, from which an inference may be drawn with reference to the reality of a consideration for the due bill.

It is moreover shown that, for a long period of time subsequent to the date of the bill, the plaintiff had access to the papers and accounts of the defendant, and stood generally on the footing of a confidential business adviser, until a quarrel occurred, which put an end to all friendly intercourse.

Now, we think that, under these circumstances, a sufficient showing has been made to shift the burthen of proof of a valid consideration for the due bill, from the defendant upon the plaintiff; and that no satisfactory proof has been made on the part of the latter to entitle him to a judgment.

It is ordered, that the judgment appealed from, be reversed, and that, as respects the plaintiff's demand, there be judgment as in case of nonsuit, and that plaintiff and appellee pay costs in both courts.