7453.

## E. TANNERET vs. MERCHANTS' MUTUAL INS. CO. OF NEW ORLEANS.

In order to adjudicate upon the issue presented in this Motion to dismiss and the Answer thereto, it would be necessary for this Court to take cognizance of the evidence annexed to those pleadings, which is *in pais* and *dehors* the transcript. It cannot constitutionally be done. It makes no difference that evidence is before this Court by consent of Counsel and that the facts are not disputed.

APPEAL from the Fifth District Court, parish of Orleans. *Rogers, J.*

Henry Denis and Henry C. Miller for Plaintiff and Appellee :

The Charter of the Merchants' Mutual Insurance Company was passed on the 31st of March, 1854, under the law of 1848, which provided that the existence of such corporations *shall never extend beyond twenty-five years.*

In obedience to that law, the Charter of said Company provides that the Company *shall exist for twenty-five years from the 31st March, 1854.*

The subsequent Acts of the Legislature of 1855 and 1870, for the organization of Corporations, contain the same provision, that their existence shall never extend beyond twenty-five years.

At the expiration of its Charter, this Company, without any legislative

warrant or authority whatever, and in the very teeth of the prohibition emphatically expressed in the law of its creation, has attempted to continue, BY ITS OWN ACTION, its corporate existence for twenty years more.

It is clear that the Company went out of its corporate existence on the 31st of March, 1879, and cannot stand in judgment in this Court. C. C. Art. 446. Field on Corporations, p. 548, sec. 481. Angell & Ames, sec. 778. Kent's 2d vol. p. 306 *et seq.;* Green's Ultra Vires, p. 646, note ; 11 Rob. 42.

The Supreme Court will take notice, even *ex officio,* of the fact that there are no proper parties before it, and dismiss the Appeal on that score. 12 Rob. 205 ; 4 An. 577 ; 11 An. 409 ; 12 An. 755, 774, 801.

There being no contest as to the facts on the Motion to dismiss, and these facts appearing from the Exhibits annexed to the Motion and to the Answer thereto ; the issue being one of law entirely, as admitted by both parties, it has been held by this Court, that it would be idle to remand the case, and that the Court will adjudicate upon the legal issue thus presented. Planters' Bank vs. Bass, 2 An. 430.

Appellant declines a revival of action through legal representatives, and rests upon the ground of its corporate existence and capacity to stand in judgment ; the Appeal should, therefore, be dismissed, unless the Court arrives at the conclusion that the Company is still a legal corporation.

Albert Voorhies and Thomas J. Semmes for Defendants and Appellants :

First—The dissolution of a corporation by the expiration of its charter, after transcript of appeal filed in the Supreme Court, does not operate a dismissal of the appeal. The appellee's remedy is under Rule XIII. of the Supreme Court, and C. P. arts. 21, 113, 120, 361.

Secondly—The dissolution of a corporation has for effect to divest the corporators of all corporate advantages and privileges. The juridical person disappears ; the stockholders or corporators remain, sulject, as individuals, to the action of the Courts. C. C. art. 446 (437); Mussen vs. Richardson, 11 R. 37 ; Planters' Bank vs. Bass, 2 A. 420 ; Bernard vs. Vignaud, 1 N. S. 9.

Thirdly—Plaintiff, Tanneret, is estopped from asserting the expiration of the company's charter, by his active participation in the amendment, by which the company's charter was duly extended for the space of twenty-five years. Chubb vs. Upton, 95 U. S. 667 ; Methodist Church vs. Pickett, 19 N. Y. 485 ; Pascagoula Co. vs. West, 13 An. 545 ; Pochelu vs. Kemper, 14 A. 308 ; Pollock vs. Citizens' Bank, 12 A. 230; 61 Mo. 251 ; 62 Mo. 372.

Fourthly—The charter of the Merchants' Mutual Insurance Company was duly extended for an additional term of twenty-five years by regular proceedings under their charter, and in accordance with the statutes of this State. R. S. sec. 684, 687.

## On Motion to Dismiss.

The opinion of the Court was delivered by

Bermudez, C. J.   The plaintiff and appellee moves to dismiss this appeal on the following grounds :

1st. That the charter of the defendant company, the appellant, expired by law and by its own limitation, on the 31st day of March, 1879, the same having been restricted to twenty-five years duration, and being dated the 31st of March, 1854, as *shown by the exhibit annexed to the motion ;*

2d. That the appellant has ceased to have any legal existence as a corporation, and has no legal representatives *in this Court,* who have capacity to stand in judgment in the premises ;

3d. That there are no legal representatives of said appellant, who can be made parties in this Court ;

4th. That the judgment to be rendered in this case would be invalid for want of proper parties.

The counsel who have represented the defense in the lower court, and whose names are of record in this, have answered the motion, averring distinctly :

1st. That the charter of the defendant, copy of which is annexed to the motion of appellee, was extended by amendments adopted by the corporation and ratified by the stockholders on January 13, 1879, a copy of which amendments, together with a statement of facts in reference thereto, is filed as *part of the answer ;*

2d. That the validity of the extension of the charter of the defendant cannot be inquired into collaterally, or at the instance of any one, except the State of Louisiana ;

3d. That the appellee is precluded and estopped by his own conduct from inquiring into the existence of the defendant, as a corporation, or the validity of said amendment, as he has acquiesced in, accepted, and approved said extension of charter and said amendment, by exchanging his seventy shares of stock, purchased on the 8th of April, 1879, for a new certificate, on June 1st, 1879, for forty-one shares, reduced in pursuance of the terms of said amendment, and voted at elections for directors, and received dividends on said new stock in the manner and under the circumstances set forth in said statement of facts ;

4th. That if the defendant were a dissolved corporation, such dissolution is no valid ground for dismissal of the appeal herein taken.

It is evident from the face of the motion and answer, that the merits of the application to dismiss cannot be adjudicated upon by us, unless we take knowledge of evidence annexed to those pleadings, and which is altogether *in pais* and *dehors* the transcript.

It may be true, that the charter of the company has expired, as is stated by the appellee, but it would not follow from the circumstance that it has ceased to be a "*going corporation,*" that it is not represented by parties concerned in the liquidation of its affairs. It may have lost its corporate name, lost its board of directors, lost its other officers, lost a right to sue and be sued, after such dissolution, but all those who must have had an interest in its affairs—creditors and stockholders— have nevertheless become the *quasi* owners, *en masse,* of its assets, of any nature or description, and, in point of fact, unquestionably represent the defunct corporation. It may be, if it be true that the charter has expired, that they have a common representative, a liquidator or some such functionary, but of this we have and can have no knowledge at this stage of the proceeding and under the showing made.

When a party dies pending an appeal, his legal representatives are to be connected by the proper process with the matter before the Court, and it is not until after this has been done that the suit can be proceeded with. An action, it is well settled by law and jurisprudence, does not abate, in this State, by the death of one of the parties, after answer filed. C. P. 120–21. *Vide* authorities collected on that subject in H. D. 1136, L. D. 532.

There is no good reason why, on the same principle, the rule should not be, in the absence of formal legislation, extended to suits by and against corporations, for indeed, *interest reipublicæ ut sit finis litium.*

Neither in the case of the death of one of the parties litigant, nor in that of the extinction of a corporation, whether by limitation of its charter, or judicial forfeiture of its charter, or otherwise, does the law require a revival of the suit, or a vivification of the defense. All that has to be done is that the legal representative of the decedent, or dissolved corporation, become a party, voluntarily, or at the instance of the other litigant whose interest may demand such proceeding.

It is well settled that the neglect of corporators to re-appoint officers may suspend the action of the corporation, but that such omission cannot extinguish the organization to the injury of creditors. A corporation cannot be dissolved so as to defeat the rights of creditors. 3 A. 177; 2 A. 573.

If this be true, why should in such eventualities, creditors be permitted to benefit themselves to the injury of others, likewise, and perhaps more deeply interested in the concern?

On the other hand, it is probable that, although the charter of the company may appear to have expired as averred by the appellee, the fact may not be so in reality. The stockholders may well, in view of such expectation, have provided against the same, and it is reasonable to suppose that they have done so, in some substantial manner, ample and sufficient, in their mind at least. They may long before the date of expiration have thought themselves authorized to extend their charter for a term, which added to that which it had to run, would not exceed twenty-five years, and if such an extension was not strictly regular, it is possible that it may have been deemed as creative of a new charter of a new corporation, acquiring all the rights and assuming all the obligations of the former organization.

The same counsel who defended the case in the lower court are before us to-day, and affirm that their client is not only *not defunct*, but is full of life, happy, prosperous, and content, and even sanguine of final success in this very litigation. The Court must look to its officers with trust and confidence, and will lend a favorable ear to their solemn professional answers, as long as the same are not unquestionably overbalanced by counter indisputable evidence.

If such facts have occurred, the course pursued might be sanctioned or discountenanced by law, but with such contingencies we have no authority to deal presently.

The defense of estoppel, by reason of acquiescence on the part of the appellee, in the organization which, it is said, represents, or is, the defendant in this case, is one which cannot become operative unless maintained by evidence.

We cannot enter upon an investigation of the matters of fact set up by counsel without assuming an original jurisdiction which properly vests in another tribunal. It makes no difference that a statement of facts was agreed upon and is before us. We cannot transgress the constitutional limitation of our powers.

If we were to dismiss the appeal in this case, because the defendant corporation is extinct and unrepresented here or elsewhere, the embarrassment of the plaintiff in the levy and execution of his writ for money against the assets of the defunct company, which no *curator ad hoc* could represent, can be easily conceived. It is to the interest of both that he should fail in his attempt here.

The question which we are desired to solve may arise under more proper proceeding in the lower court, for the execution of the judgment

in this case and the adjudication made on the issue presented could be on appeal *only* revised by this Court.

Leaving the appellee free to inaugurate such course as to him may appear most conducive to the object which he has in view, but without prejudicing him in the least in that direction, we are constrained to decline to enter in his application.

The motion to dismiss is refused with costs.

Rehearing refused.