OVERTON, J.
 

 This case comes before us on appeal from a judgment, sustaining exceptions of no right or cause of action, filed by the Bank of White Castle and the Hibernia Bank
 
 &
 
 Trust Company, two of the defendants in the case, and, as 'a consequence, dismissing plaintiff’s demand.
 

 
 *141
 
 The suit was instituted, as appears from the petition, to annul two orders of executory process, one issued in the suit entitled “Bank of White Castle v. Pierre C. Lorio,” and the other in the suit entitled “Hibernia Bank and Trust Company v. Camille J. Koch,” under which the property mortgaged, consisting of a plantation, was twice sold as the property of two different owners, one ownership following and depending on the other, and to restore the property sold to the succession of Pierre O. Lorio, Lorio having executed, as owner of the plantation, the first mortgage foreclosed, the foreclosure occurring shortly after his death.
 

 Plaintiff bases his right to restore the property to the succession on the ground that he is a judgment creditor of the succession for some $7,400, but he does not allege that the succession is insolvent. If the succession is solvent, or, in other words,' if there is enough property belonging to it, without restoring the property sold, to satisfy plaintiff’s judgment, then plaintiff has no- right whatever to bring this suit, for he discloses no interest in doing so. One instituting a suit must disclose in his petition his right to do so, otherwise he fails to show a right or cause of action. The court cannot assume that the succession is insolvent. The burden of pleading is upon plaintiff to disclose that fact, if it exists.
 

 Plaintiff having failed to allege his right to* maintain this suit, it would be needless, if not inadvisable, to inquire into the alleged nullities in the two sales, since, for' aught that appears, it may never become necessary to inquire into them. The right to inquire into them, due to plaintiff’s failure to disclose a right in himself, is absent
 

 judgment is affirmed.