**PEOPLE'S BANK v. COOKSTON et al. \***

No. 4285.

Court of Appeal of Louisiana. Second Circuit.

June 15, 1932.

John J. Peters, Jr., of Winnfield, for appellants.

H. W. Ayres, of Jonesboro, for appellee.

DREW, J.

Plaintiff sued on a promissory note in the sum of $330, with 8 per cent. per annum interest from October 1, 1929, until paid, and for 10 per cent. on both principal and interest, as attorney's fees, as shown by the face of the note. The note is attached to the petition and, on its face, is a solidary obligation and is signed as maker by each of the four defendants. The prayer of the petition is for judgment in solido against the four defendants.

Defendants answered, admitting the execution of the note, but denied liability thereon for the following reasons:

1. That, at the time of executing the note, they delivered to plaintiff, as collateral and in pledge, a certain note executed by W. H. Sanders, on December 22, 1928, for the sum of $380, payable to plaintiff on October 15, 1929; that the note was paraphed to identify it with a chattel mortgage on a cotton gin; that because plaintiff does not seek to enforce any rights under said chattel mortgage in this suit, it has abandoned any right to said collateral and, by such action, changed the condition of said collateral, thereby releasing defendants from liability on said note; and

2. That there was an agreement between plaintiff and defendants wherein plaintiff agreed to exhaust its right against said collateral before seeking to hold defendants, and therefore the action is premature and plaintiff is without a cause of action, until it first exhausts its right under the chattel mortgage note; and

3. That plaintiff allowed the Monroe Grocer Company, Limited, to execute on said cotton gin under a junior chattel mortgage and permitted the property to be sold under said mortgage of junior rank at public auction, and to be purchased by said Monroe Grocer Company and removed from the parish of Winn, without any protest or action on the part of plaintiff, thereby changing the condition of the collateral and discharging defendants from liability on the note.

Defendants, in supplemental answer, alleged, in the alternative, that the property covered by the chattel mortgage was sold at public sale and adjudicated to the Monroe Gro-

cer Company, Limited, for $50; and that said grocer company became liable to plaintiff for the full amount of the collateral mortgage note held by plaintiff; and that the sheriff of Winn parish is likewise liable.

In the further alternative, they alleged that they should have credit on the note sued on for $50, the amount the property brought at said sale. Defendants·also pleaded estoppel, based upon the allegations of their answer.

The lower court rendered judgment for plaintiff, as prayed for, and defendants have appealed.

The note is regular on its face and the execution of it is admitted. Therefore, unless some of the defenses raised by defendants are good, plaintiff will have to recover.

The second defense urged, when testimony was offered thereon, was objected to by plaintiff as not admissible under the pleadings. The objection should have been sustained, as it was an attempt to vary the terms of the written obligation sued on without any allegation of fraud or error, and all such evidence will be disregarded.

The first defense is without merit. Plaintiff, as pledgee of the ,chattel mortgage note, could have taken legal steps to enforce payment of it, but it was under no legal obligation to do so. Its failure to do so does not bar it from seeking payment of its claim, when the maturity date arrives. R. Giefers, Receiver, v. Negri, 2 La. App. 156; Friedlander v. Schmalinski, 35 La. Ann. 520; Zibilich v. Rouseo, 157 La. 936, 103 So. 269.

The ruling on the first defense, we think, applies equally to the third defense raised. However, we might add that the record discloses that the property mortgaged is at this time within the parish of Winn and has never been removed therefrom. Neither the pledgee, plaintiff herein, nor the pledgor, defendants herein, have been deprived of any rights by virtue of the sale of the property under a mortgage of a junior rank. The pledgor does not lose title to his property by pledging it. The pledgee must take some other action to acquire ownership of the property pledged.

Plaintiff had the legal right to proceed to collect on the pledged note, if it desired, or it could have waited until the maturity of the principal obligation and sued on it, and is entitled to have judgment, with a privilege on the pledged property, or, as in this case, sue only on the principal obligation, disregarding the pledged property. It is under obligation to keep the pledged property intact, in order that it might be returned when the principal obligation is paid, when it does not proceed on the pledged property.

The condition of the pledged note has not been changed by the failure of plaintiff to perform any act required of it by law. The note of W. H. Sanders was pledged to secure the present defendants, and their rights growing out of the transaction, in so far as the pledged note is concerned, have not been affected in the least. When they pay the principal obligation, they are entitled to the collateral note that was pledged for their protection.

The alternative defenses set up in the supplemental answer are therefore without merit. The plea of estoppel was properly overruled.

The judgment of the lower court is correct, and is therefore affirmed, with costs.