146 So. 745

**FUDICKAR v. INABNET et al.**

No. 32007.

Feb. 27, 1933.

McHenry, Montgomery, Lamkin & Lamkin, of Monroe, for appellants.

George Gunby, of Monroe, for appellee.

ROGERS, Justice.

Plaintiff is the holder of a note for $2,400 signed by the Jordan Drilling Company. Subsequent to the maturity of the note, pursuant to the written agreement of its seven directors and stockholders, an extrajudicial liquidation of the drilling company was effectuated, and the entire assets of the corporation were distributed among the stockholders. Each of the stockholders received property valued in an amount exceeding plaintiff's claim. The agreement of the directors and stockholders provided for the appointment of a liquidator clothed with the authority to distribute the corporation's assets to its stockholders, subject to the indebtedness due by the corporation. Plaintiff's demand on the liquidator for the payment of his note was refused. The liquidation was completed and the liquidator discharged without provision being made for the payment of plaintiff's note. Plaintiff then brought this suit seeking to hold the former directors and stockholders of the defunct corporation liable in solido for the amount of the corporation's note by reason of each of them having illegally received from the corporation property in excess of the amount of the note. Defendants filed an exception of no cause or right of action, which was overruled. Defendants then filed an answer, and, after a trial on the merits, judgment was rendered against defendants in solido for the amount of plaintiff's note. From this judgment defendants have appealed.

There are two legal propositions involved in the case, viz.: First, whether a creditor of a corporation is entitled to a recovery against its directors and stockholders under the facts hereinabove set forth. Second, whether the trial judge properly rejected testimony which defendants offered to produce for the purpose of proving an alleged contemporaneous oral agreement providing for the payment of plaintiff's note in a manner different from that stipulated by the note itself. We shall discuss these propositions in the order of their statement.

**1.** Section 27, p. 426, of Act No. 250 of 1928, the corporation law, provides that corporate directors who knowingly or carelessly make an unlawful distribution or return of assets to the shareholders shall be liable in solido to the creditors of the corporation, and that the shareholders who receive such distribution or return of assets shall be individually liable to the corporation in an amount equal to the amount so received. Sections 45 and 46, pp. 443 and 445, of the statute prohibit the distribution of the corporate assets by reduction of the capital stock to an amount less than the debts and liabilities of the corporation. And section 57, pp. 454, 455, of the statute, authorizes the distribution of the assets of the corporation among its shareholders only after the payment of all the corporate debts and liabilities.

It would seem, therefore, that the distribution of the assets of a corporation to its stockholders without first paying its debts is prohibited by law, and that, where such a distribution is made, both directors and stockholders are liable for the corporate debts; the directors who knowingly or carelessly consent to the unlawful distribution and the stockholders who participate therein.

It is true that under section 27 of Act No. 250 of 1928 the stockholder's liability runs in favor of the corporation itself, but that distinction is of no importance here, because the corporation has ceased to exist, and the directors and stockholders were the same persons. The seven defendants, as hereinbefore stated, were the only stockholders of the corporation, and they also composed its board of directors.

The case is one in which the debtor corporation has been liquidated, the liquidator discharged, and the corporate assets distributed among the former directors and stockholders. If in these circumstances no liability for the corporate debts attaches to the distributees, the plaintiff occupies the anomalous position of the possessor of a right without a remedy to enforce it.

We think the several provisions of Act No. 250 of 1928 to which he have referred are broad enough to cover a case of this kind. But, if we are wrong in this, we think plaintiff is entitled to a remedy under the equity powers conferred upon the courts of the state by article 21 of the Civil Code, particularly in view of article 3183 of the Civil Code, which declares, "The property of the debtor is the common pledge of his creditors."

The case of Derbes v. Till, 13 La. App. 495, 128 So. 196, presented a state of facts similar to the one presented in this case. There plaintiffs were the creditors of a corporation which had been liquidated and the assets distributed to the stockholders. There was no receiver or other representative by whom or on whose behalf the action could be brought. Defendant's share of the corporate assets, as one of the stockholders, exceeded the amount of the plaintiff's claim against the defunct corporation. And the court very properly sustained the creditor's suit against the stockholder under the provisions of articles 21 and 3183 of the Civil Code as a last resort and as the only means of preventing a denial of justice.

Derbes v. Till was decided by the Court of Appeal for parish of Orleans, and the organ of the court points out in the opinion the distinction between the decisions of this court in Dilzell Engineering & Const. Co. v. Lehmann, 120 La. 273, 45 So. 138, and New Orleans Gas Light Co. v. Bennett, 6 La. Ann. 456, wherein the corporate creditor, because there was a receiver or liquidator still functioning, was denied the right to proceed against a stockholder, and the earlier cases of Cucullu v. Union Ins. Co., 2 Rob. 577, and Brown v. Union Ins. Co., 3 La. Ann. 177, where the creditor's right to sue a stockholder direct was recognized, as the corporation had been dissolved and left unrepresented.

In the Cucullu Case, this court said, at page 577 of the opinion:

"It is not to be permitted to any number of individuals to get up incorporated companies for insurance, banking, or other operations, and, after enabling them to get in debt, to throw the loss upon the creditors, by refusing to pay their stock, or forfeiting it, or dissolving the corporation and releasing themselves by non-user. As to the responsibility of the stockholders towards the creditors, we have not a shadow of doubt."

And in the Brown Case, this court said. at page 182 of the opinion: "A corporation never can dissolve itself so as to defeat any of the just rights of its creditors."

The Cucullu and Brown Cases were referred to and approved in the later case of Tanneret v. Merchants' Mutual Ins. Co., 32 La. Ann. 663.

In Wood et al. v. Dummer et al., Fed. Cas. No. 17,944, 3 Mason, 308, which is referred to in the case of Derbes v. Till, supra, the court held that each shareholder who had received a part. of the assets of the corporation was liable for his proportionate share of the debt.

In Pierce v. United States, 255 U. S. 398, 402, 41 S. Ct. 365, 366, 65 L. Ed. 697, 702, we find the following statement of the law, viz.: "The law which sends a corporation into the world with the capacity to act imposes upon its assets liability for its acts. The corporation cannot disable itself from responding by distributing its property among its stockholders and leaving remediless those having valid claims. In such a case the claims after being reduced to judgments may be satisfied out of the assets in the hands of the stockholders."

2. The note herein sued on is in the usual form for such instruments. It contains the maker's unconditional promise to pay a sum certain on a fixed date in the future. Omitting the date, signatures, and provision covering attorney fees, the note reads as follows, viz.: "Sixty days after date I promise to pay to the order of E. Fudickar the sum of Twenty-Four hundred and No/100 Dollars, for value received with 8 per cent. per annum interest from Mty until paid."

On the trial of the case defendants called plaintiff as a witness under cross-examination, and, over plaintiff's objection, interrogated him with reference to the consideration of the note. Plaintiff's answer was that the note was given him in payment for an oil and gas lease he had given the Jordan Drilling Company on his farm. No other testimony was adduced concerning the consideration for the note, and there appears to be no dispute between the parties that the note was in fact executed for the purpose stated by plaintiff.

In the course of the trial, counsel for the defendants stated that he had three witnesses "to prove the allegations set out in their answer," which statement he made "in lieu of placing the witnesses on the stand and consuming further time of the court." And counsel assumed that the plaintiff's counsel would object to the introduction of the testimony and that the objection would be sustained by the court. The assumption was apparently acquiesced in by plaintiff's counsel and by the court.

The allegations of defendants' answer which it was the purpose of defendants' counsel to prove by the proposed witnesses are to the effect that the note sued on was given to plaintiff with the understanding that the note should be paid out of the proceeds of the lessee's part of the gas sold from the well, as was the contract between the parties under a prior lease for which no note was given and in which the consideration was expressly set forth in the lease itself; that, although a well was drilled under the lease for which the note was given, the well proved to be unproductive and no gas was ever sold therefrom, and consequently there was no consideration given for the execution of the instrument.

It appears, therefore, that the clear purpose of the excluded testimony was to show, not want of consideration for the issuance of the note, but that at the time the note was executed an independent agreement was entered into between the parties providing for the payment of the note in a manner different from that stipulated in the note itself.

The general rule covering the controverted question presented here is set forth in an exhaustive annotation appearing in 71 A. L. R. 550, wherein many decisions of the courts of the United States and of a number of the states are cited in its support, as follows, viz.: "It is the general rule, supported by many decisions, that parol or extrinsic evidence is inadmissible to show a prior or contemporaneous agreement that a note or bill of exchange in the ordinary form, providing for the payment of a certain sum of money, may, or should be, paid or discharged in some other mode or manner, or in some other medium, than that specified on the face of the instrument."

The rule is stated in 10 R. C. L. 1022, § 214, as follows, viz.: "If a note is clear and unambiguous in its terms and certain in its legal effect, parol evidence is not admissible to change or vary it." And in 22 C. J., 1255, § 1669, it is said that: "Parol evidence is admissible to show collateral agreements between the parties (to a note), provided such agreements are not inconsistent with and do not tend to vary or contradict the terms of the written instrument."

In the recent case of Trcka v. Bragmans Bluff Lumber Co., 174 La. 631, 141 So. 81, wherein plaintiff sought to prove a contemporaneous collateral oral contract in a suit for damages for the breach of a written contract, this court held that such proof was inadmissible. At page 633 of the opinion in 174 La., 141 So. 81, 82, the court said: "If, after having drawn up a writing for the purpose of serving as complete evidence of their contract, parties were allowed thus to modify the contract by oral evidence, it is not seen what would become of the statute, article 2276, Civ. Code: ' "Neither shall parole evidence be admitted against or beyond what is contained in the acts, or at the time of making them, or since." ' " In addition to the codal article, the court cites a number of cases supporting its statement of the law.

Defendants argue that the rule excluding parol testimony to vary or otherwise affect a written instrument is applicable only to the parties to the instrument and not to one who is a stranger to the instrument. And defendants contend that, so far as the note herein sued on is concerned, they are third persons. The argument is sound, but the contention is untenable. Defendants are the successors to the rights and obligations of the maker of the note. They stand in the maker's shoes, and are charged with all the maker's burdens attendant upon the execution of the instrument.

Our conclusion is that plaintiff has clearly established his right of action, and that he has discharged the burden of proof imposed upon him by law, and that the testimony which defendants sought to offer to contradict and vary the terms of the note sued on was properly excluded.

For the reasons assigned, the judgment appealed from is affirmed.