## GOLDSMITH v. PARSONS.*
### No. 14674.

Court of Appeal of Louisiana. Orleans.
April 23, 1934.

J. L. Warren Woodville, of New Orleans, for appellant.

Rosen, Kammer Wolff & Farrar, of New Orleans, for appellee.

WESTERFIELD, Judge.

This is a suit on a promissory note in the principal sum of $1,757.75, with interest and attorney's fees, subject to a credit of $160. Defendant admitted the signature to the note, but avers that at the time of the making of the note there was a verbal agreement between himself and the payee that a lesser amount would be accepted in payment upon the happening of certain conditions, which had been realized.

There was judgment below, as prayed for, and defendant has appealed.

The plaintiff acquired the note sued on after maturity by inheritance from her deceased husband, Jacob M. Goldsmith, who was the local agent for the Prudential Life Insurance Company. The note was given in payment of the premium for one year on a policy for $50,-000 sold defendant by the deceased, Goldsmith. In his answer, Mr. Parsons, the defendant, avers that as the result of persistent solicitation on the part of Goldsmith he was induced to take out the policy, although at the time he expressed doubt as to his ability to carry such a large amount of life insurance; that he finally yielded to Goldsmith's solicitation with the understanding that, in the event of his inability to pay the face of the note, he (Goldsmith) would accept a lesser sum equal to the amount which Goldsmith was obliged to remit to his principal, the Prudential Life Insurance Company. In other words, Goldsmith is alleged to have agreed to rebate his compensation. When the case was called for trial the plaintiff took a rule for judgment upon the face of the papers. The rule was discharged and the case proceeded to trial, whereupon plaintiff's counsel objected to any evidence in support of the defense urged by the defendant upon the ground that it was an attempt to vary the terms of a written instrument by parol, in contravention of article 2276, R. C. C. The objection was overruled and the evidence in support of the defense administered, but apparently without effect, for, when the case was decided, judgment was rendered for the full amount prayed for.

Counsel for defendant insists upon the right to establish by parol testimony the alleged verbal agreement with Goldsmith, citing 8 C. J. 1024, to the effect that: "The real consideration for a bill or a note may be shown by parol evidence, where the want, failure or illegality of consideration is admissible as a defense; and parol evidence is admissible to show that there was no consideration, that the consideration was illegal, or that there was a failure of consideration. * * * It follows that any evidence as to consideration is admissible, provided it is relevant to the issue and is material. * * * Generally evidence of the circumstances connected with the transaction is admissible, including the inducements to the making of the instruments and the character of the relations between the parties." And also the following from our jurisprudence: Pegram v. Cooper, 26 La. Ann. 361; Parker v. Broas, 20 La. Ann. 167; Reeve v. Doughty, 19 La. Ann. 164; Griffin v. Cowan, 15 La. Ann. 487; Saramia v. Courrege, 13 La. Ann. 25; Heddrick v. Banister, 10 La. Ann. 792.

The authorities relied upon by counsel do not sustain his position. There is no question here of failure of consideration of the note sued on. The policy of life insurance, or policies, for there were several, were issued to the defendant and his life insured for the principal sum for a period of one year. The note sued on was an unconditional promise to pay and, if parol evidence were admissible for the purpose of qualifying the obligations of the note, it could only be admitted upon the theory that a promissory note is different from other forms of written contracts, and the contrary of this proposition has been ex-

pressly held. People's Bank v. Cookston et al. (La. App.) 142 So. 285; Bowen v. E. A. Waxelbaum & Bro., 2 Ga. App. 521, 58 S. E. 784.

Our conclusion is that the defense is untenable. Consequently, for the reasons assigned, the judgment appealed from is affirmed.

Affirmed.