## PHILLIPS v. GILLASPIE.*
### No. 16357.

Court of Appeal of Louisiana. Orleans.

April 20, 1936.

*Rehearing denied May 4, 1936. Writ of certiorari granted May 25, 1936.

Arthur B. Leopold, Gerald Netter, Geo. W. Montgomery, W. A. Gillaspie, Jr., and James J. Landry, all of New Orleans, for appellant.

James W. Hopkins, of New Orleans, for appellee.

McCALEB, Judge.

Mrs. Mabel Phillips, widow of Edward C. Church, brought this suit against the defendant for recovery on a promissory note in the sum of $1,500, dated February 20, 1933, with interest thereon at the rate of 6 per cent. per annum from date until paid, together with 10 per cent. attorney's fees on principal and interest.

Defendant filed an answer admitting the execution of the note, but averring in substance as follows:

On February 20, 1928, and prior thereto, the late Edward C. Church, husband of the plaintiff, was an intimate friend and patient of the defendant (a practicing physician in the city of New Orleans). Church was a gambler and slot machine operator. He had been afflicted for some time with luetic heart disease and was under the care of the defendant. On or about the aforesaid date the defendant was summoned by Church to administer treatment to him and, upon the defendant being late due to a breakdown of his automobile, Church informed the defendant that he would place sufficient funds in the defendant's hands in order that the defendant might purchase a new automobile, and that, inasmuch as the defendant had been treating the Church family for a long time, the defendant could work out the amount of the purchase price of the new automobile in the rendition of professional services to Church and his family. Accordingly Church deposited to the credit of the defendant the sum of $1,600 in the American Bank & Trust Company of New Orleans so that the defendant might purchase for himself a new automobile. As evidence of the indebtedness which was to be liquidated by professional services rendered and to be rendered to the Church family, the defendant executed and delivered to Church a promissory note in the sum of $1,600.

A few months thereafter the defendant paid to the Dixie Homestead Association of New Orleans the sum of $100 for the account of Church, so that he (Church) could become a member of the association and obtain a loan on his property, No. 1227 Lowerline street. A few days thereafter defendant gave to Church a note for $1,500, and the first note for $1,600 was returned to him.

During the time prior and subsequent to February 20, 1928, and up to March 6, 1932, the defendant was the personal physician of the said Church, his wife, and his son.

It is further alleged that at the time of the death of Church he was indebted to the defendant in the sum of $1,078 for professional services rendered, and that, at the time of the filing of the answer, the total indebtedness due by the said Church, his widow, and his son amounted to $1,224. An itemized statement of professional services rendered is attached to the answer.

It is further averred that the making of the loan of $1,500 by the said Church to the defendant was for the protection of Church, his wife and son, in that Church

was a very sick man who was engaged in a hazardous business, and that he wanted to be assured of medical attention for himself and family in the event he should become an invalid or in case he should become financially embarrassed.

The answer further sets forth that Church died on March 6, 1932, and that his succession was opened, and that in the inventory taken of the assets of the estate the note given by defendant was not listed, thereby indicating that the plaintiff, as widow in community, and her son, the legal heir, had no intention of holding the defendant responsible.

It is further alleged that on or about February 20, 1933, the note which had been given by the defendant to Church would have prescribed, and that at the request of the plaintiff defendant gave to her the note herein sued upon as an accommodation and without any consideration; that defendant has at all times fulfilled his part of the verbal agreement had between Church and himself, and has rendered professional services to Church, his widow and son, night and day, and stands ready and willing to continue the rendition of professional medical services to plaintiff and her son until the amount due by them to the defendant equals $1,500, plus interest.

In the alternative defendant pleads compensation on account of the note in the sum of $1,224, and as a second alternative he filed a reconventional demand for judgment against plaintiff in the sum of $1,224.

At the trial in the lower court plaintiff offered the note in evidence and rested. The defendant was placed upon the stand for the purpose of proving the truth of the allegations of the answer, and, during the course of his testimony, counsel for plaintiff objected on the ground "that the witness is attempting to vary the terms of the note by parol evidence; not only the note sued on but the note given previously."

Considering this objection, the learned trial judge made the following ruling:

"That objection seems serious to me. I think you are absolutely right Mr. Hopkins. A promissory note is an unconditional agreement or promise in writing to pay a certain sum of money on a certain day. It is a written contract and the law is plain that parol evidence will not be permitted to vary or contradict a written agreement or anything that was said before or at the time of signing. The attempt here now made is an attempt to prove by parol that this written contract to pay a certain sum of money on a certain day was not the real contract between the parties, but by a parol agreement not embodied in the written instrument, the money was to be paid. I think it is absolutely against the law of Louisiana and the objection is sustained and the Court will not hear the evidence.

"As for the reconventional demand for medical services, that cannot be set up in reconvention, because it did not grow out of the original cause of action, nor was it intimately connected therewith. The objection is sustained and the Court will hear no such evidence.

"It will be noted in the record that Doctor Gillaspie was put on the stand to prove the allegations of his answer and Mr. Joseph Sebro was also summoned to prove the allegations of the answer."

In making this ruling the judge expressly stated that it was not his intention to exclude any evidence tending to show want of consideration or failure of consideration.

It is evident from the foregoing ruling the district judge was of the opinion that the defendant was attempting to controvert the terms of the promissory note by showing that payment thereof was to be made in a different manner from that expressed in the body of the note. Undoubtedly this ruling would be correct if the answer, taken as a whole, could be construed to mean that the defense is not want of consideration, but method of payment. Article 2276 of the Revised Civil Code; Loranger v. Citizens' Bank, 162 La. 1054, 111 So. 418; Fudickar v. Inabnet et al., 176 La. 777, 146 So. 745, 747.

In accordance with its ruling the district court entered judgment in plaintiff's favor for the amount sued for, and dismissed the reconventional demand. Hence this appeal.

Counsel for defendant in their argument and brief contend that the answer filed exhibits a lack of consideration for the giving of the promissory note sued on, inasmuch as the defendant received for the giving of the new note the old note for $1,500 held by Church, and that the note surrendered to defendant was likewise without consideration because of the

verbal contract between Church and 'defendant. In support of his claim defendant asserts that this case cannot be distinguished from the case of Goldsmith v. Parsons, 182 La. 122, 161 So. 175, and that under the ruling in that case the defendant is entitled to a reversal and remand for the purpose of admitting into evidence the testimony rejected by the district court.

Contra, counsel for the plaintiff postulates that this case is governed by the decision of the Supreme Court in the case of Fudickar v. Inabnet, supra, and, although the Parsons Case is a later decision, that the allegations of the answer of the case at bar clearly distinguish it from that case.

In view of the apparent conflict, it is pertinent for us to examine the facts and holdings in both the Fudickar Case and the Parsons Case in order to find a solution of the confronting problem.

In Fudickar v. Inabnet, supra, the facts were as follows:

The plaintiff was the holder of a note for $2,400 signed by the Jordan Drilling Company. Subsequent to the maturity of the note, pursuant to an agreement of the directors and stockholders, an extrajudicial liquidation of the drilling company was effectuated and the assets of the corporation were distributed among the stockholders. Each of the stockholders received property valued in an amount exceeding the plaintiff's claim. Plaintiff then brought suit against the former directors and stockholders to recover against them in solido the amount of the note. One of the defenses to the action was that the note was given by the corporation to the plaintiff in payment for an oil and gas lease which the plaintiff had granted to the Jordan Drilling Company on his farm, and that the said note was given with the specific understanding that it should be paid out of the proceeds of the lessee's part of the gas sold from the oil well, and that, although the well had been drilled under the lease for which the note was given, the well proved to be unproductive, and no gas was ever sold therefrom, and as a consequence there was no consideration given for the execution of the instrument.

The Supreme Court, in affirming the ruling of the trial judge in excluding the evidence tendered under the defendant's plea, said: "It appears, therefore, that the clear purpose of the excluded testimony was to show, not want of consideration for the issuance of the note, but that at the time the note was executed an independent agreement was entered into between the parties providing for the payment of the note in a manner different from that stipulated in the note itself."

It would be exceedingly difficult for us to attempt to distinguish that case from the case at bar. If any difference does exist, it is only a slight diversion of fact, insufficient to restrain us from applying the doctrine of law set forth in the opinion.

But in the case of Goldsmith v. Parsons, supra, decided on April 29, 1935, two years after the Fudickar Case, presenting a state of facts strikingly analogous to the facts of the case at bar, the Supreme Court, without mention of its previous holding in the Fudickar Case, arrived at an opposite conclusion.

In that case Parsons was an intimate friend of Goldsmith, who was an insurance agent in the city of New Orleans. Goldsmith induced his friend, Parsons, to take out a life insurance policy in the sum of $50,000. At the time of the agreement Parsons informed Goldsmith that he was not in a position to pay the first required premium on the policy of insurance which was for the sum of $1,757.75, and Goldsmith agreed to take Parsons' note for the amount of the first premium, with the understanding that, if Parsons was not in a financial position to pay the note on its due date, he (Goldsmith) in such case would charge Parsons only so much as Goldsmith would be compelled to pay over to the company on the premium; in other words, it was verbally understood between the parties that, if Parsons was not in a position to pay, Goldsmith would charge no commission on the writing of the insurance, and that Parsons would only be compelled to pay Goldsmith the cash that Goldsmith had to pay the insurance company.

Goldsmith died, and his widow obtained the possession of the note. She then brought suit against Parsons, who defended on the ground of lack of consideration, relying upon the verbal understanding above set forth. The district judge ruled the evidence out, and, on appeal to this court (154 So. 68; 156 So. 822), we found that the evidence tendered was not admissible. A writ of review was granted by the Supreme Court, resulting in a reversal

of our decision. In the opinion of the Supreme Court on a rehearing of the case, the court found that the evidence offered by Parsons was admissible upon two grounds: First, that the main agreement between the parties was a verbal one and the note given to Goldsmith did not have the effect of reducing the verbal agreement to writing, and that the note was only accessory to the verbal contract. Second, that there was a conditional delivery of the note under the provisions of section 16 of the Negotiable Instruments Law, Act No. 64 of 1904, which reads: "Between immediate parties * * * *the delivery may be shown to have been conditional, or for a special purpose only,* and not for the purpose of transferring the property in the instrument." (Italics ours.)

It strikes us that the facts of the Parsons Case are parallel to the facts of the cause now under consideration.

In applying the reasoning of the Parsons Case here, we find that the note was merely accessory to the main verbal agreement. Furthermore, it is not unlikely that the delivery of the note was for the purpose of evidencing debt in the event of the doctor's death prior to the performance of his engagement. In such case, the delivery would be *conditional and for a special purpose and not for the purpose of transferring the property in the instrument,* and as between the immediate parties parol evidence is admissible.

Being of the opinion that there exists a conflict in the holdings of the Supreme Court in the Fudickar Case and in the Parsons Case, we are governed by the latter decision, which is the most recent expression of the court on this subject.

We are pressed to declare that, when Dr. Gillaspie executed the note here sued upon and the plaintiff surrendered to him the note held by her husband, the defendant received a valuable consideration. This contention is without merit. If what the defendant received for making the new note was a note which he was not obliged to pay because of lack of consideration, conditional delivery, or delivery for a special purpose, he cannot be held to have obtained anything of value for his new promise to pay.

We therefore rule that, in view of the Supreme Court's decision in the case of Goldsmith v. Parsons, supra, the trial court erred in rejecting the evidence tendered to prove the allegations of the answer.

Forasmuch as the case must be remanded for further proceedings, it is not necessary to pass upon the other questions raised.

For the reasons assigned, the judgment appealed from is reversed, and it is now ordered that this case be remanded to the civil district court for the parish of Orleans for further proceeding according to law and consistent with the views herein expressed; plaintiff to pay the costs of appeal.

Reversed and remanded.

JANVIER, Judge (dissenting).

In Fudickar v. Inabnet, 176 La. 777, 146 So. 745, the Supreme Court of Louisiana considered a case in which the defense was the same as that relied on in the case at bar; i. e., that there had been an independent verbal agreement to the effect that the note should be paid out of a particular fund or in a particular way. In that case the defense, as stated by the Supreme Court, was: "That the note sued on was given to plaintiff with the understanding that the note should be paid out of the proceeds of the lessee's part of the gas sold from the well."

The court recognized that in a suit on a promissory note oral evidence may be admitted to show a failure of or want of consideration, but said that the defense presented in that case was "not want of consideration for the issuance of the note, but that at the time the note was executed an independent agreement was entered into between the parties providing for the payment of the note in a manner different from that stipulated in the note itself." The court held that: "The testimony which defendants sought to offer to contradict and vary the terms of the note sued on was properly excluded."

The defense of Dr. Gillaspie is identical with that presented in the Fudickar Case that "an independent agreement was entered into between the parties providing for the payment of the note in a manner different from that stipulated in the note itself."

Dr. Gillaspie claims, according to the majority opinion, that it was understood that he "could work out the amount * * * in the rendition of professional services to Church and his family."

In the case of Goldsmith v. Parsons, 182 La. 122, 161 So. 175, 179, which my associates hold is controlling here, the court found a defense which it characterized as a plea of failure of consideration and as a claim that the note sued on had been only conditionally delivered. There the court said: "The contract and agreement being verbal, parol evidence is admissible to establish the contents thereof and to show that the delivery of the note was conditional and there was a partial failure of consideration."

Now let us consider the case at bar in an effort to discover whether the defense presented may be classified either as a plea of failure of consideration or as a contention that the note was conditionally delivered.

As to want of consideration: Dr. Gillaspie admits that when he gave the first note he received in cash the full face amount thereof, and that when he gave the second note he received back the first note which had not been paid except by the giving of the second note. Surely it cannot be said that he received no consideration for the note sued on. He received back the first note on which he would have been liable had he not executed the second.

The note was not conditionally delivered; it was given to plaintiff's husband as the obligation for which he had received full consideration. A conditional delivery is a delivery made with an agreement between the parties that it shall not become an obligation at all until the happening of some event. There was nothing of that kind involved here.

Therefore the facts bring the case squarely within the doctrine of the Fudickar Case in which the Supreme Court held that such a defense, being neither a defense of failure of consideration nor a defense of conditional delivery, could not be shown by parol. If the defense presented here is allowed to prevail, the rule of law prohibiting the contradiction by parol of the terms of a written document may just as well be written out of the law and jurisprudence of this state.

That parol evidence rule "is not only equitable, but it is so reenforced by the accummulated crest of repeated decisions that it would be a judicial sacrilege to break through it."

I respectfully dissent.