BLANCHE, Judge.
This is an appeal by defendant, Myrl Su-merall, from a judgment rendered against him in favor of plaintiff, The Wickes Corporation, in the principal sum of $6,075.66, arising out of a suit against defendant-appellant and Larry E. Brown[1] on a promissory note dated July 22, 1971, and admittedly signed by both defendants. We affirm.
*351 In defendant’s answer, and in the pretrial order, the only listed issue of fact is whether or not the note was, in fact signed by the defendants as individuals or as representatives of a corporation. At the trial, however, defendant was permitted to testify without objection to the effect that he never intended to sign the promissory note sued on, but thought instead he was merely signing a document whereby he would agree to transfer title to an automobile and a truck which he had sold to his business partner, Larry E. Brown. Suffice it to say that this issue turns upon the credibility to be attached to the self-serving exculpatory testimony offered by defendant-appellant, and the trial judge obviously declined to give credence to such testimony. From our review of the record, we fail to discern any manifest error committed by the trial judge in this regard. Defendant-appellant admitted that his signature on the $6,075.66 promissory note, which was introduced in evidence, is genuine, and he did not read the instrument which he was signing. Defendant clearly failed to establish any defense of absence of consideration, fraud in factum or fraud in esse contractus (pretermitting a determination of whether or not such issues were even properly before the court under the pleadings and pretrial order appearing of record).
Defendant’s next specification of error surrounds his claim that the note admittedly signed by him does not contain an unconditional promise to pay, but, on the contrary, is conditioned upon payment out of a designated fund, and inasmuch as the alleged fund never came into existence, the obligation is accordingly unenforceable. Again, we observe initially that no such issue was raised by defendant in his answer or in the pretrial order, and, indeed, none of the testimony at all alludes to this defense, which presumably is being asserted for the first time on appeal. This defense is predicted upon the fact that the note sued on, after containing the printed “promise to pay” contains the following clause handwritten on the note in ink, viz.: “$200 per job per pay back.” Defendant argues in brief that this language means that the note was to be paid only out of profits derived by the corporation, of which defendants were incorporators and stockholders, of $200 per contracting or home remodeling job, and inasmuch as no such profits were ever allegedly obtained, there does not exist an unconditional promise to pay.
This defense is without merit. At the outset, we do not believe this defense can properly be asserted at this stage of the proceedings for the first time, but would, on the contrary, necessitate an affirmative allegation to such effect. Even assuming, however, that such defense is properly befor the Court, nevertheless, the clause quoted above is not sufficiently clear and unequivocal as to nullify the clearly stated “promise to pay” made by both defendants in favor of plaintiff by virtue of their signing and executing the promissory note sued on; i. e., the clause is not sufficient to indicate that payment was to be made only out of such proceeds derived from corporate profit, and in the absence of such unequivocal condition attached to the terms of payment, this defense cannot be maintained, Muhoberac v. Saloon, Inc., 210 So.2d 572 (La.App. 4th Cir. 1968).
If defendant desired to show that he was not personally obligated on the promissory note, notwithstanding his having unconditionally signed same and similarly agreed unconditionally to pay the amount of the note, it was incumbent on defendant to establish that the written words previously quoted had such effect. We cannot discern what meaning should be accorded to the quoted words, and will not engage in speculation as to some possible significance which might have been attached thereto. *352 The presence of these words does not gainsay the otherwise clearly specified unconditional promise to pay made by both defendants who signed the promissory note sued on.
Defendant-appellant offered no credible evidence to substantiate the pleaded defense that he signed the note only in a representative capacity rather than individually-
For the foregoing reasons, the judgment appealed from is affirmed, with all costs of this appeal assessed to defendant-appellant.
Affirmed.

, This defendant was never served, and judgment was rendered only against defendant-appellant, Myrl Sumrall.