376 So.2d 1016 (1979)
John B. FLY, III
v.
Roger E. HAND.
No. 12776.
Court of Appeal of Louisiana, First Circuit.
October 8, 1979.
*1017 David S. Bell, Baton Rouge, for plaintiff-appellee John B. Fly, III.
Arthur Cobb, Baton Rouge, for defendant-appellant Roger E. Hand.
Before COVINGTON, LOTTINGER and COLE, JJ.
COVINGTON, Judge.
This is a devolutive appeal from a judgment sustaining the motion for a summary judgment of the plaintiff, John B. Fly, III, and granting a judgment against the defendant, Roger E. Hand, in the sum of $10,000.00, plus interest at the legal rate from date of judicial demand and 10% on the aggregate of principal and interest as attorney's fees, and all costs.
The suit was brought by Fly to recover on a demand promissory note, dated March 23, 1978, and payable to the order of John B. Fly, III. The plaintiff alleged failure of the defendant to make any payment despite amicable demand on July 18, 1978.
The defendant filed an exception of no right or cause of action on the ground that the obligation was subject to the suspensive condition that the note was to be paid "only if and when Quarters made its first draw from Sherwood Acres II Apartments as general contractor," which condition allegedly had not occurred. The trial court overruled said exception. Subsequently, the defendant answered the petition. The defendant also filed a motion for summary judgment, annexing thereto an affidavit of defendant Hand and of J. Michael Lejeune, attorney for Hand at that time. The basis of the defendant's motion was that the promissory note was not owed because the suspensive condition that the $10,000.00 note would be payable when Quarters Construction Company, general contractor, made a draw on the Sherwood Acres II *1018 Apartments construction job, had not happened. The defendant's motion for summary judgment was denied. In the meantime, the plaintiff filed a motion for summary judgment, attaching the Hand and Lejeune affidavits by reference and also filing his own affidavit. The basis of the plaintiff's motion was that there was no genuine issue of material fact that the promissory note was due because all of the factual allegations of Hand and Lejeune that "tend to vary the time at which said note is due and payable as clearly stated therein, that is, "On Demand' are inadmissible pursuant to Louisiana's Parol Evidence Rule, Louisiana Civil Code Article 2276." In his affidavit, Fly set forth the following:
"[O]n or about March 23, 1978, he met with Mr. Roger E. Hand and Mr. Hand's attorney, Mr. J. Michael LeJeune, at the attorney's office, for the purpose of selling to Mr. Hand 25 shares of common stock of Quarters Construction, Inc., a Louisiana corporation. In connection with that purpose a sale agreement was signed by the parties before J. Michael LeJeune, Notary Public, a true copy of the original of which said agreement is attached hereto, and Roger E. Hand executed his one certain promissory note dated March 23, 1978, payable on demand to the order of John B. Fly, III, in the principal sum of $10,000.00, without interest and providing for attorney's fees in the amount of 10% of said principal, a copy of which said promissory note is attached hereto and is a true copy of the original thereof.
"Pursuant to the said agreement of sale he transferred his said 25 shares of common stock to Roger E. Hand for and in consideration of the sum of $15,000.00, receipt of which he acknowledged in said agreement of sale. Of this amount he received $5,000.00 in cash and $10,000.00 by delivery of the said promissory note executed by Roger E. Hand.
"Upon execution of the said note Roger Hand stated that the earliest he would be paid would be upon the securing of a contract for Phase 2, Sherwood Acres or Tall Timbers Project. Mr. Hand said the payment would be a percentage of his monthly draw from either of these projects. He asked Mr. Hand when this would happen and Mr. Hand said, `within a month to six weeks.' He made no statement or reply to this. At that time Mr. LeJeune broke into the conversation and said, `regardless of what happens, the note is payable on demand and you can demand it now if you want to.' He replied to Mr. LeJeune's statement, `That is correct.' He then asked Mr. Hand if the check for $5,000.00 was good. Mr. Hand said, `Yes, we can even go cash it now and get a beer.' He replied, `That's what I want to do,' and that is what Mr. Hand and he did in winding up the meeting.
"Prior to this meeting Mr. Hand and he negotiated for the sale of stock. Affiant's final offer was to take $5,000.00 in cash and a note payable upon demand, nothing more or less.
"He well remembers Mr. LeJeune telling affiant that affiant had made a very good deal because affiant was to receive cash and the best type of note one could get, that is, `on demand,' to which affiant replied, `Thank you.'
"Affiant never at any time made or entered into any oral or written agreement of any kind with Mr. Hand or anyone else providing that said promissory note should be payable at any time other than `on demand' as provided for therein. He denies that Mr. Hand's promise to pay the said promissory note was a conditional one dependent upon anything other than affiant's demand.
"By letter of July 18, 1978, a true copy of which is attached hereto, he made demand upon defendant, Roger E. Hand, to pay said promissory note in full within five days from receipt of said letter and presently more than five days have passed from Mr. Hand's receipt of said letter without Mr. Hand having made any payment of any amount whatsoever due thereon.
"He is the plaintiff and holder of the said promissory note in suit and as a result of his relationship with Mr. Hand and his *1019 communications with him appearer has personal knowledge of the facts and matters set forth in this affidavit and all matters set forth herein are true and correct."
In due course the plaintiff's motion for summary judgment came on for hearing, and the trial court granted the judgment in favor of the plaintiff complained of on this appeal. Thereafter, defendant's motion for a rehearing was denied, and this appeal was taken.
A reading of the pleadings, the copy of the promissory note, and the annexed affidavits convince us that the trial court committed error in granting the plaintiff's motion for summary judgment. The case is not in a posture for summary judgment. The affidavits, together with the pleadings and the promissory note, show us that there is a genuine issue of a material fact.
Plaintiff asserts that the entire amount of the note is due and owing; defendant claims a failure and want of consideration so that he owes nothing to the plaintiff. The plaintiff claims that inasmuch as defendant must offer parol evidence to prove his defense, and since LSA-C.C. art. 2276 precludes the use of parol evidence in this situation, the defendant has no defense.
The trial court found that no genuine issue as to material fact existed. We determine that by the granting of the plaintiff's motion for summary judgment, the lower court necessarily ascertained that the note itself was conclusive of the parties' rights on its face and that parol evidence would not be admissible to show a failure of consideration. The trial court necessarily resolved that the affidavits in the record filed by the defendant did not create a genuine issue of material fact. The record does not support this conclusion.
Although we have not been favored with reasons of judgment from the trial court, it is apparent that the trial court applied the parol evidence exclusionary rule of LSA-C.C. art. 2276 in granting plaintiff's motion for summary judgment. We find that the application of the parol evidence exclusionary rule was erroneous. It is well settled that the failure of consideration may be established by parol testimony between the parties to a promissory note. National American Bank of New Orleans v. Davis, 239 So.2d 493 (La.App. 4 Cir. 1970).
In the case of Gulf States Finance Corporation v. Airline Auto Sales Incorporated, 248 La. 591, 181 So.2d 36 (1965), the Supreme Court held that the maker of a promissory note, when sued on a demand note, could offer parol evidence to establish the note was given as part of an oral floor planning arrangement under which the note was not due until a particular automobile was sold.
In so holding, the Court commented:
"We think this clearly raised another genuine issue of material fact that must be resolved in order that justice may be done to all parties. If the contention of defendants is correct, and they are not permitted to show, if they can, that by their execution and delivery to plaintiff of the promissory notes forming the basis of this suit they were performing an obligation in accordance with their oral agreement that induced them to execute the notes, it would not only cause a grave injustice, resulting in irreparable injury to defendants, but would, in fact, perpetrate a fraud upon them. Under these circumstances, we think this case fully justifies the invocation of the exception to the parol evidence rule above discussed."
To the same effect is Gautreau v. Modern Finance Company of Gonzales, 357 So.2d 871 (La.App. 1 Cir. 1978).
In the case of Pertuit v. Weinberg, 134 So.2d 652 (La.App. 4 Cir. 1961), cert. denied, January 15, 1962, the Court, in upholding the defense of failure of consideration, said:
"Parol evidence is always admissible to prove the special defenses of failure of consideration, between the original parties to a promissory note, or one who is not a holder for value and in due course. LSA-R.S. 7:28. Lyons v. Goodman, La. App., 78 So.2d 424.

*1020 "Parol evidence is likewise admissible to prove that the payment was conditioned upon available funds from a stipulated source. Goldsmith v. Parsons, 182 La. 122, 161 So. 175."
The case of Fudickar v. Inabnet, 176 La. 777, 146 So. 745 (1933), relied upon by the appellee, is distinguishable from the case at bar because in Fudickar the purpose of the evidence which was excluded was not to show a want or failure of consideration, as in the present case, but that there was a side agreement to pay the note in a manner different from that set out in the note itself.
Therefore, a trial on the issue of failure of consideration will be necessary to determine Hand's obligation on the subject note, as well as any other pertinent issue that may develop at the trial on the merits. From our observation, summary judgments are sparingly granted. The purpose of the summary judgment procedural device is to dispose expeditiously of cases involving only issues of law; hence, the mover for summary judgment has a heavy burden of proving that there is no genuine issue of material fact. In determining the genuineness of the issue, the courts are not permitted to consider the merits of the fact at issue, the credibility of witnesses, or whether or not the party alleging the fact will be able to sustain the burden of proving it. The courts have repeatedly held that a motion for summary judgment is not a substitute for a trial on the merits. Odom v. Hooper, 273 So.2d 510 (La.1973); Batson Lumber Co., Inc. v. Yates, 319 So.2d 853 (La.App. 1 Cir. 1975).
Under LSA-C.C.P. art. 966, it is only where there is no genuine issue of a material fact and the mover is entitled to judgment as a matter of law that the motion for summary judgment can be granted. Morgan v. Matlack, Inc., 342 So.2d 167 (La. 1977). The summary judgment granted by the District Court in favor of the plaintiff is reversed. There is a genuine issue as to material facts presented in this case. There exists a serious question as to whether the defendant received any consideration for the note he signed.
The judgment appealed is reversed and the case is remanded for a trial on the merits. The costs of this appeal are to be paid by the plaintiff-appellee. All other costs are to await final determination of the case.
REVERSED AND REMANDED.