ON APPLICATION FOR REHEARING
PER CURIAM.
In his application for rehearing plaintiff first contends that defendant’s parol evidence was inadmissible on the basis of Fudickar v. Inabnet, 176 La. 777, 146 So. 745 (1933); Fritch v. Brian & Powers, 118 So. 842 (La.App.1928); and Wilkes Corporation v. Brown, 292 So.2d 350 (La.App. 1st Cir. 1974). The Fudickar and Fritch cases predated Gulf States Finance Corp. v. Airline Auto Sales, Inc., 248 La. 591, 181 So.2d 36 (1965) which is the authority for the admissibility of parol evidence in this case to show that the note was only part of an entire oral contract between the parties. Significantly, Justice Sanders, who dissented in the Gulf States case cited as his authority the Fudickar case. The Wilkes case did not turn on the inadmissibility of defendant’s parol evidence but rather on the court’s conclusion that the trial judge did not err in declining to believe the testimony of the defendant.
Next, plaintiff contends that the affirmative defenses of misrepresentation and the note’s being only a part of an entire *320 oral contract between the parties are not available to defendant because he did not plead these defenses in his answer. We consider paragraphs IV through VII of defendant’s answer to contain allegations of fact which support these defenses so that the provisions of C.C.P. Art. 1005 were complied with.
Next, plaintiff relies on Dorvin-Huddleston Developments, Inc. v. United Services, Inc., 207 So.2d 225 (La.App. 4th Cir. 1968) and Edwards v. State Department of Corrections, 244 So.2d 69 (La.App. 1st Cir. 1971) to support the proposition that even if parol evidence was admissible to show that the note is only a part of an entire oral contract between the parties, such evidence may not be admitted to alter the terms of the note. We concede that the language quoted by plaintiff from these cases is somewhat misleading in stating first the Gulf States exception to the parol evidence rule of C.C. Art. 2276 and concluding with the statement of the general rule. Gulf States is clear authority for the proposition that the general rule that parol evidence is inadmissible to alter the terms of a written contract is subject to the exception of Gulf States. In that case the court applied the exception so as to allow a change in the term of the notes from demand notes to notes payable when the vehicles securing the notes were sold. Similarly, in Gautreau v. Modern Finance Co. of Gonzales, 357 So.2d 871 (La.App. 1st Cir. 1978) the court admitted parol evidence under the exception to vary the maturity dates of debentures, and in Pittman v. Roberts, 337 So.2d 541 (La.App. 2nd Cir. 1976), the court admitted parol evidence under the exception to deprive the note holder of interest and attorney fees called for in the note.
Finally, plaintiff takes issue with our reversal of the trial court on the facts of the case, but we repeat the observation in our original opinion that the real underpinning of the trial court’s opinion was his belief that R.S. 10:3-119 prevented the introduction of parol evidence in the case so that his error was primarily an error of law and not of fact. In any event, even if his opinion was based on findings of fact favorable to plaintiff, for the reasons set forth in our original opinion we have concluded that his findings were manifestly erroneous based on the record which we reviewed in detail.
We are favored with a brief by First National Bank of Commerce as amicus curiae in the case. It contends that our opinion is a drastic departure from the settled law of this case, but this argument seems to be with the Gulf States case decided by the Supreme Court in 1965 and not with our opinion.
Accordingly, the application for rehearing is denied.
APPLICATION DENIED.