(82 South. 373)

No. 22229.

COMMERCIAL GERMANIA TRUST & SAVINGS BANK v. SOUTHWESTERN SURETY INS. CO. et al.

(June 2, 1919.)

*(Syllabus by Editorial Staff.)*

BILLS AND NOTES ⟺370—CONSIDERATION—MATURITY—"HOLDER IN DUE COURSE."

Failure of consideration of a note issued to a building company in consideration of its building two buildings on maker's property, in that such condition was never performed by the company, was a good defense against plaintiff, taking the note from the building company as security with knowledge of the conditions; plaintiff not being a holder of the note in due course, within Negotiable Instruments Law, § 52.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Holder in Due Course.]

Appeal from Civil District Court, Parish of Orleans; George H. Théard, Judge.

Action by the Commercial Germania Trust & Savings Bank against the Southwestern Surety Insurance Company and others. Exception of no cause of action filed by defendant Southwestern Surety Insurance Company sustained, and suit as against defendant Louise Gruber dismissed, and plaintiff appeals. Affirmed.

Merrick, Gensler & Schwarz, of New Orleans, for appellant.

Delvaille H. Théard, of New Orleans, for appellee Louise Gruber.

SOMMERVILLE, J. Plaintiff appeals from a money judgment rejecting its demand for $2,332.93 against Mrs. Louise Gruber on her note for $4,700, which note was placed with plaintiff by the Metropolitan Building Company as collateral security for notes of said company held by the bank.

The defense of Mrs. Gruber was that the note was issued by her to the Metropolitan Building Company on certain conditions, and without consideration, to the full knowledge of the plaintiff bank.

The Metropolitan Building Company was engaged in the building of houses on credit in the city of New Orleans, to the knowledge of plaintiff bank, and it had contracted with Mrs. Gruber to erect two buildings on her property, for which she gave her mortgage note for $4,700 in advance. Immediately after the date of said contract the building company became insolvent, and its affairs were placed in the hands of a receiver.

The building company, prior to its failure, wishing to secure a further loan from the plaintiff bank, offered the note of Mrs. Gruber as collateral security; but the note was refused by the bank, because, as testified to by the vice president of the bank:

"We understood there were no buildings on those premises. We wanted some additional guaranty bond."

A guaranty bond was obtained by the building company from the Southwestern Surety Insurance Company of Oklahoma, in the sum of $2,350; the condition being, as stated in said bond, that—

"Whereas, the condition of the foregoing obligation is such that the said Metropolitan Building Company has entered into a certain contract, dated August 21, 1913, wherein it was agreed to build and deliver a certain building to Mrs. Louise Gruber, and in payment for said work, under the said contract, a mortgage note for $4,700, dated August 12, 1913, and passed before Felix J. Dreyfous, notary public, has been given to the said Metropolitan Bldg. Co.; and

"Whereas, said Commercial Trust & Savings Bank has agreed to hold the said note as collateral for loans to be made to the said Metropolitan Building Company:

"Now, therefore, if the said Metropolitan Building Company, under its contract with Louise Gruber, herein referred to, shall complete and deliver the said buildings, and shall pay all subcontractors, workmen, laborers, mechanics, and furnishers of material, whom it shall employ under said contract, and shall deliver the buildings free from all such claims, in conformity with Act 167 of the General Assembly of

1912 of the state of Louisiana, then and in that event this obligation shall be null and void; otherwise, to remain in full force and effect."

This bond was dated August 15, 1913, and was given to the plaintiff bank, together with Mrs. Gruber's note for $4,700, as collateral security of the loan by it to the Metropolitan Building Company. It was further stated in the surety bond that the Metropolitan Building Company and the Southwestern Surety Insurance Company—

"are held and firmly bound unto the Commercial Trust & Savings Bank of New Orleans, La., as their interest may appear, and as herein set forth, in the full sum of $2,350."

On being asked why the bank required the additional security of a bond, the vice president of the plaintiff answered:

"We wanted to be sure that the contract [with Mrs. Gruber] would be completed and the building would be built."

He further testified that he knew that the buildings had not been built, that the bank took no action towards completing the buildings, and that he knew the $4,700 note of Mrs. Gruber was in payment of buildings to be erected on Mrs. Gruber's vacant property. He further testified:

"The conditions were stated to us, and we believed it was correct, that the building was started and would be completed later. But we wanted some additional security, when I saw that cost of a building, of $4,700, on a piece of property with no buildings on it. That is why we demanded other security, the only thing they could furnish was this bond."

Again the witness said:

"We wouldn't take it [the $4,700 note] at first, on account of the conditions existing. Then we insisted that we wanted to be sure the building would be completed, and wanted some guaranty of the performance of the contract."

He testified that he knew that there was a contract existing between Mrs. Gruber and the Metropolitan to build a building on the property of Mrs. Gruber.

The note of Mrs. Gruber here sued on was a conditional obligation, to the full knowledge of the plaintiff bank, and the bank was not a holder of the note in due course, because:

"At the time it [the note] was negotiated * * * [the bank] had full notice of the infirmity in the instrument." Section 52, Neg. Inst. Law (Acts 1904, p. 154).

The note of Mrs. Gruber was issued without consideration, the condition being that the Metropolitan Building Company was to erect certain buildings for her, which it failed to erect, and the note therefore never matured. The consideration for or condition of the note was well known to the plaintiff bank, who refused to receive it from the building company as collateral security, and who subsequently took it only upon the condition that the building company would give it (the bank) a guaranty bond—that is, a building contractor's bond, specially guaranteeing the bank that the building company would properly erect for Mrs. Gruber the building contracted for, and for which she had given her note for $4,700.

The building company and its transferee, the bank, cannot recover on the note, because the consideration therefor has failed.

The judgment appealed from is affirmed.