## No. 4132

### Second Circuit

### (Second Division)

---

## FIRST NATL. BANK & TRUST CO. OF SIOUX FALLS, S. D., v. LYLES ET AL.

---

(May 4, 1932. Opinion and Decree.)

---

Lyons & Prentiss, of Shreveport, attorneys for plaintiff, appellee.

John B. Files, of Shreveport, attorney for defendants, appellants.

STEPHENS, J. The First National Bank & Trust Company of Sioux Falls, S. D., brought this suit against Sam E. Lyles, W. M. Bradford, and Raleigh Washington, on a promissory note for the sum of $500. The plaintiff alleged that the defendants were the makers of the note, and that it was the holder and owner thereof in due course, in good faith, and for a valuable consideration.

The defendants answered, denying that the plaintiff was the holder and owner of the note, and averring that the suit was instituted in the name of plaintiff, for the use and benefit of Oliver S. Pender, the payee thereof; and that said plaintiff bank is merely a person interposed, acting as the agent and representative of Pender in an effort to defraud them.

It was further alleged in the answer, in the alternative, that, if the plaintiff was

the holder of the note for a valuable consideration, it acquired title thereto in bad faith, and with full knowledge of its infirmities.

The defendants prayed for judgment rejecting plaintiff's demands, and in reconvention for judgment against the plaintiff in the sum of $500.

A trial of the case resulted in a judgment in favor of plaintiff as prayed for, and rejecting the defendants' reconventional demand. The defendants have appealed.

On February 3, 1930, Oliver S. Pender, a resident of Sioux Falls, S. D., leased to the defendants, for agricultural purposes, some 397.28 acres of land in Caddo parish, La. The term of the lease was from February 1, 1930, until November 15, 1930, and the consideration therefor was $500, represented by the note herein sued on, which was dated February 1, 1930, and became due September 1, 1930, executed by the defendants and made payable to the lessor, Oliver S. Pender. The note was regular upon its face, and therefore bore no evidence that it was given for unearned rent, or other consideration than value received. The lessor indorsed the note in blank, and transferred it to the plaintiff bank (he had been a customer of the bank for several years) on March 5, 1930, and was credited on the books of the bank with the proceeds of the transfer, which was the principal sum of the note. Pender informed the bank at the time of its negotiation that the note represented the rental on a plantation in Louisiana. The bank did not know the financial responsibility of the defendants, but purchased the note relying largely upon the security of the indorsement of its customer Pender.

During the month of May, 1930, the plantation which the defendants had leased from Pender was subjected to an unexpected and complete inundation from the flood waters of Cypress river, which destroyed the crops. The land remained submerged for such length of time that a late second attempt to produce crops upon it proved a failure. The defendants notified Pender on May 21, 1930, that the leased premises were under water.

As the facts as thus stated are uncontradicted, it is obvious that the defendants have failed to establish their defenses unless it be held that knowledge on the part of the plaintiff bank that the instrument was a rent note destroyed its negotiable character. There is no proof that the bank is a person interposed; or that acting in that capacity it represented Pender in an effort to defraud the defendants; but, on the contrary, it is shown that the plaintiff bank became the owner of the note, by purchase from a customer, in the ordinary course of business, more than seventy-five days prior to the occurrence of the fortuitous circumstance which destroyed its consideration.

The negotiability of a note is not affected by the fact that its consideration is to be realized in the future, or through some contingency may never be realized. Sadler v. White, 14 La. Ann. 177; State Nat. Bank v. Cason, 39 La. Ann. 865, 2 So. 881; Martel v. Lafayette Sugar Refining Co., 153 La. 248, 95 So. 706.

The rule is stated as follows in 3 R. C. L., p. 1067, sec. 273:

"The courts universally hold that knowledge that a note was given in consideration of the executory agreement or contract of the payee, which has not been performed, will not deprive the indorsee of the character of a holder in due course, unless he also has notice of the breach of that agreement or contract."

It was held in First State Bank & Trust Co. v. Crain, 157 La. 427, 102 So. 513, 38 A. L. R. 347, that mere knowledge on the part of the transferee of a note that it was a rent note did not destroy its negotiable character.

The defendants rely on Commercial Germania Trust & Savings Bank v. Southwestern Surety Co., 145 La. 367, 82 So. 373, and Continental Bank & Trust Co. v. Times Publishing Co., 142 La. 209, 76 So. 612, L. R. A. 1918B, 632. Those cases are readily distinguishable from the present one. In the first cited case, the court found as a fact that the plaintiff holder of the note had full knowledge before its acquisition that it was a conditional obligation, and that, having notice of the admitted infirmity of the instrument, the plaintiff was not a holder in due course.

In the second cited case, the notes sued on bore, upon their face, notice to the transferee that it must take them subject to a lease contract between the original parties. The court held that the infirmity disclosed on the face of the notes destroyed their negotiability.

The present case is clearly governed by the decision in First State Bank & Trust Co. v. Crain, supra.

There was no evidence introduced and no argument submitted to support the defendants' reconventional demand.

We are of the opinion that the judgment appealed from correctly disposed of the case, and it is, for the reasons assigned, affirmed.