171 So. 567

**PHILLIPS v. GILLASPIE.**

No. 33930.

Nov. 30, 1936.

Rehearing Denied Dec. 21, 1936.

James W. Hopkins, of New Orleans, for Mrs. Mabel Phillips, widow, relatrix.

William A. Gillaspie, Jr., Gerald Netter,

James J. Landry, Arthur B. Leopold, and George Montgomery, all of New Orleans, for Dr. William A. Gillaspie, respondent.

ROGERS, Justice.

This is a suit on a promissory note. The note was executed by defendant on February 20, 1933, is for $1,500, and provides for interest and attorneys' fees.

Defendant, answering the suit, admitted the execution of the note, but he denied that plaintiff was a holder and owner thereof for value and before maturity. Defendant, who is a practicing physician in the city of New Orleans, alleged that the note sued on was given plaintiff as a renewal of another note, which he had given to plaintiff's husband during his lifetime to evidence a loan of $1,500, and was about to become prescribed. That the original note, which bore the date of February 20, 1928, was executed subject to an oral contemporaneous agreement between the immediate parties that defendant, who was the personal physician of the original holder, was to pay the note by professional services to be rendered to the original holder and his family. Defendant further alleged that up to March 6, 1932, the date of the death of plaintiff's husband, he had rendered professional services to plaintiff, her husband, and her son in the sum of $1,078, and subsequently to plaintiff and her son in the sum of $146, making a total of $1,224. An itemized statement of the services rendered is attached to the answer.

Defendant prayed for the dismissal of the suit. In the alternative he pleaded, first, compensation to the extent of $1,224,

and, secondly, he prayed in reconvention for judgment for that amount.

On the trial of the case, plaintiff offered the note in evidence and rested. Defendant then took the witness stand and attempted to testify as to the truth of the averments contained in his answer. Plaintiff's counsel objected to the testimony on the ground that it was an attempt to vary by parol evidence the terms of the note sued on as well as the terms of the original note. The objection was maintained and the testimony excluded. On the further objection of plaintiff's counsel, the trial judge also excluded any evidence as to the plea in compensation, because the claims were not equally liquidated, and as to the reconventional demand, because the demand did not grow out of, or was not intimately connected with, the original cause of action. In accordance with his rulings, the trial judge gave plaintiff judgment for the amount sued for and dismissed the reconventional demand.

On defendant's appeal, the Court of Appeal, by a divided court, reversed the judgment of the district court, and ordered the case remanded for the purpose of admitting the evidence tendered to prove the allegations of the answer, which was excluded by the trial judge. Certiorari has brought the case here.

As defined by the pleadings, there is no issue between the parties litigant as to want or failure of consideration or as to a conditional delivery.

The facts set up in the answer show execution of the original note, and its delivery for the consideration paid and re-

ceived, and that the second note was executed in lieu of the original instrument, which was returned to the defendant.

A conditional delivery is a delivery which by agreement between the parties is to take effect only on the happening of a future contingency. The alleged oral contemporaneous agreement is not of that character. In fact, defendant's allegation that at the time the original note was executed it was orally agreed and understood between him and plaintiff's husband that the note was to be paid in services, negatives the idea of a conditional delivery, since the agreement, if true, affected the method by which the note was to be paid and not the manner in which it was to be delivered.

By the terms of the original note, of which the note sued on is merely a renewal, the defendant was bound to pay the note in money without condition. By the terms of the alleged contemporaneous oral agreement, defendant was bound to pay the note, not in money but in services. Such an agreement, by its natural import, suggests a conditional obligation rather than a conditional delivery.

Since the agreement set up as a defense to plaintiff's action does not constitute a conditional delivery, but is one requiring the repayment in services of the loan evidenced by the original note, Goldsmith v. Parsons, 182 La. 122, 161 So. 175, and Belknap H. & M. Co. v. Hearn, 179 La. 909, 155 So. 396, in both of which parol evidence was admitted to show a conditional delivery and failure of consideration, are not applicable here.

Nor do we think that Fudicker v. Inabnet, 176 La. 777, 146 So. 745, is controlling of the issues involved in this case. The general rule followed there that parol evidence is inadmissible to show a prior or contemporaneous oral agreement for the payment of the note in any other manner than that specified in the instrument applies to executory parol agreements and not to executed parol agreements.

If there has been a performance or a partial performance of the agreement, and something else than money has been actually paid and accepted in discharge or partial discharge of a bill or note, the parol evidence rule does not apply in an action between the immediate parties or those who stand in their shoes, and such a collateral oral agreement and its performance, in whole or part, may be shown as a defense to the action, since the execution, or partial execution of the collateral oral agreement discharges the debt in whole or in part, as the case may be.

For a full and able discussion of the legal principles referred to and their related authorities, see 20 A.L.R. 422 et seq., 54 A.L.R. 702 et seq., 71 A.L.R. 548 et seq.

The question in this case, under the allegations of defendant's answer, is not so much one of the admissibility of evidence of a parol agreement for the payment of the note as it is of the admissibility of parol evidence to show that there has actually been a payment or a right to claim a payment, in whole or in part.

The testimony excluded, on plaintiff's objection, was tendered by defendant

for the purpose of proving the allegations of his answer. Proof that plaintiff's husband contemporaneously with the giving of the original note agreed with defendant that his professional services would be accepted in payment of the instrument, supplemented by proof that the agreement was executed on the part of the defendant by the rendition of such services to the extent alleged in his answer, was admissible, not to vary the terms of the written promise to pay, but only as bearing upon and characterizing the subsequent performance and acceptance of the services.

The note sued on was received by plaintiff in renewal of the note executed in favor of her deceased husband. The real consideration for which it was given is that for which the prior note was given. Plaintiff stands in the shoes of her husband, the original payee, and her action on the note held by her is subject to the same defenses as would be an action on the prior note of which it is merely a renewal.

For the reasons assigned, the judgment of the Court of Appeal herein under review is affirmed.