This suit is on a promissory note executed by the defendant in favor of his divorced wife, Mrs. Lorena White, which is secured by a mortgage and vendor's lien on a lot in the City of Shreveport, Louisiana. The note was endorsed by Mrs. White and transferred to her son-in-law, the plaintiff herein, after its maturity. Plaintiff's demand was rejected and his suit dismissed at his cost. He prosecutes appeal from that judgment.
The case has for its background a series of rather unique facts, checkered by not a small amount of interesting judicial history, all of which we shall briefly relate.
It appears that the defendant during his first marriage to Mrs. White acquired from her and expended for his own personal benefit at least $500 of her separate funds, and to make restitution thereof the lot herein involved was conveyed to her by dation en paiement. Soon after this was done, the parties became estranged and Mrs. White procured a divorce. The record reveals that within a few months thereafter Mrs. White experienced regret for hastily carrying their *Page 752 
troubles into court, and personally and through the agency of mutual friends, importuned the defendant to consider a remarriage. He demurred but eventually consented thereto on condition that Mrs. White reconvey to him said lot. She assented to this proposition and the parties engaged a notary public to draft the instrument of transfer. Mrs. White desired some assurance of Mr. White that he would not recede from the promise to remarry after title to the lot was vested in him. The notary suggested an ingenious plan for the security and protection of both parties, which they accepted. Mrs. White would convey to Mr. White the lot for an expressed price of $250, which appears to be its true value, and he would give her his note for the amount secured by mortgage and vendor's lien on the lot. The matter was closed on this basis and the deed passed. It was delivered to White and Mrs. White retained the note. It was agreed between them at that time that when the remarriage was consummated, the note would be handed over to White for cancellation. The marriage took place two weeks thereafter but the note was not delivered to White, although he made repeated requests therefor. This is the note sued on herein.
The second marriage soon went on the breakers. Mrs. White, overlooking the existence of the marriage relationship, instituted suit on the note. The suit was dismissed on an exception of no right of action. She soon thereafter again invoked the aid of the court in her desire to procure a second divorce but was unsuccessful. It was about this time that she transferred the note to the plaintiff.
Defendant resists the suit on these grounds, to-wit:
1. That plaintiff is not the owner of the note.
2. That if he does own it, he acquired it after maturity with full knowledge of the facts and circumstances attending its execution and delivery; that he is not a holder in due course and therefore the defenses which defendant could have urged against enforcement of the note in the hands of Mrs. White may now be urged against its enforcement in plaintiff's hands.
3. That compliance with the prenuptial agreement by the defendant completely extinguished the note.
With regard to plaintiff's ownership of the note, we think the testimony sustains the contention that Mrs. White was due him a substantial amount for cash loans and advances and that she transferred the note to him in satisfaction of the indebtedness.
Plaintiff acquired the note several months after its maturity. His wife is a daughter of Mrs. White by a former husband. Their relations are intimate and cordial. At times Mrs. White lived in plaintiff's home and he knew some of the money he loaned her went to pay expenses of her litigations. The daughter was active in her mother's behalf and testified in the unsuccessful divorce suit. Undoubtedly she and plaintiff knew of Mrs. White's unsuccessful suit on the note, and also knew why it was executed and given to her. In view of these facts, plaintiff acquired the note subject to all the equities in favor of the maker and subject to the same defenses against its enforcement that the maker could have urged against it in the hands of Mrs. White. He is not a holder in due course. Section 52 N.I.L. (Act 64 of 1904).
Plaintiff objected to the admissibility of all testimony offered to prove the prenuptial agreement by the Whites on the ground that it was an attempt to vary, alter and contradict the unconditional and unambiguous terms of the note and would violate Article 2276 of the Civil Code, which reads: "Neither shall parol evidence be admitted against or beyond what is contained in the acts, nor on what may have been said before, or at the time of making them, or since."
The proffered testimony was admitted subject to the objection. We assume, although it is not conclusively shown, that the lower court finally decided that the testimony was competent.
The case of Fudickar v. Inabnet et al., 176 La. 777,146 So. 745, is confidently relied upon by appellant. It was held therein that as between the parties to a promissory note or bill of exchange, parol evidence was inadmissible to prove a prior or contemporaneous agreement providing for payment other than as expressed therein, because such evidence would alter, change and/or contradict the plain terms and conditions of the instrument. 10 R.C.L. 1022, Section 214; 22 C.J. 1255, Section 1669 and Trcka v. Bragmans Bluff Lumber Company, Inc.,174 La. 631, 141 So. 81, are cited by the court to support this decision. But the court further said [176 La. 777, 146 So. 747]: "Defendants argue that the rule excluding parol testimony to vary or otherwise affect a written instrument is applicable only to the parties to the instrument and not to one who is a stranger to the instrument. And defendants *Page 753 
contend that, so far as the note herein sued on is concerned, they are third persons. The argument is sound, but the contention is untenable. Defendants are the successors to the rights and obligations of the maker of the note. They stand in the maker's shoes, and are charged with all the maker's burdens attendant upon the execution of the instrument."
It is made clear by this opinion that as regards commercial paper the parol evidence rule is strictly enforced as between the parties to such instruments, but not so when the rights of third persons, strangers to the execution and original issuance of the particular instrument, are involved. Of course, the situation would be entirely different if the third person is a holder in due course because he would have acquired the instrument before its maturity and without notice, etc., and would not be bound or affected by any prior oral agreement between the maker and payee.
However, the parol evidence rule is held to be not applicable to executed collateral oral agreements which are intended to have the effect of discharging an obligation. The note involved in the Fudickar case was unpaid. The suit was against the stockholders of the maker corporation whose corporate existence had been terminated by voluntary dissolution. The suit was resisted upon the ground that there was a contemporaneous oral agreement to the effect that the note should be paid in a manner other than cash. Testimony to support the defense was excluded. The collateral agreement was executory. Evidently the ruling would have been different had the agreement been an executed one.
The note in this case was held by Mrs. White to guarantee the performance by the maker of a certain act promised by him; and it is not seriously questioned that it was agreed when and if he complied with such promise the note would be thereby discharged. The promise was fulfilled, the marriage consummated, and all went well for a time. In other words, the note has been discharged in the manner and way the parties contemplated that it should be discharged. Evidence to prove such discharge, we think, clearly admissible. The parol agreement ceased to be executory; it became an executed agreement by compliance therewith on the part of the note's maker and is binding on Mrs. White and the plaintiff. The case of Phillips v. Gillaspie, 186 La. 45, 171 So. 567, is decisive of the question. It was held therein as disclosed by the syllabus, that: "Where there has been performance, or partial performance of agreement for payment of note in manner other than that specified in instrument, and something other than money has actually been paid and accepted in discharge, or partial discharge, of bill or note, parol evidence rule is inapplicable in action between immediate parties or those standing in their shoes, and such collateral oral agreement and its performance may be shown as defense to action, since execution, or partial execution, of collateral oral agreement discharges debt in whole or in part."
Finding no error in the judgment appealed from, it is hereby affirmed, with costs.
DREW and HAMITER, JJ., concur.