PIOOD, Judge.
This is a suit on a promissory note executed by defendant, Mrs. Lela Tracy Co-burn, on July 22, 1960, and secured by an act of mortgage bearing the same date and affecting real property owned by defendant. The defendant answered denying liability on the ground of failure of consideration, and she further reconvened for judgment ordering plaintiff to surrender the note for cancellation of the mortgage and condemning plaintiff to pay damages for breach of contract. After trial on the merits, judgment was rendered by the trial court rejecting the demands of plaintiff and ordering him to surrender the note to the clerk of court for cancellation of the mortgage securing said note. Plaintiff has appealed from that judgment.
The evidence shows that in 1958 Mrs. Coburn entered into an agreement with Mead Rabalais, under the terms of which the latter was to construct a store building for defendant on property owned by her, and as consideration for this construction defendant was to pay Rabalais the sum of $10,000.00. Pursuant to this agreement, Mrs. Coburn executed and delivered to Rabalais a promissory note for $10,000.00, dated October 9, 1958, due on or before 90 days after date, made payable to the order of “Myself,” and endorsed in blank by the maker. The payment of this note was secured by an act of mortgage executed by defendant affecting the property on which the store building was to be constructed, and the note was paraphed to identify it with that mortgage. Plaintiff contends that he purchased the note from Rabalais about 30 days after its date for $10,000.00, which amount he says was paid in cash. Plaintiff further testified that although he knew that the note had been given for the construction of a building for defendant on the mortgaged property, he did not inspect the property at the time he acquired the note and he had been told that the construction of the building was proceeding normally. The evidence shows, however, that the building had not been started at that time, and that actually construction of it was not begun until 17 or 18 months later.
Although the note matured on January 9, 1959, no demand for payment of that note was ever made on defendant. On May 31, 1960, or more than 16 months after the note became due, a letter was addressed *236 to Mrs. Coburn informing her that plaintiff had agreed to finance the construction of the building she wanted built on the mortgaged lot, that plaintiff would pay all of the construction costs, and that Mrs. Coburn would thus be in the same position she occupied at the time of the original agreement between her and Rabalais. This letter was signed by plaintiff, by Rabalais and by Rabalais’ counsel. Several days later Mrs. Coburn and Rabalais agreed upon the plans for the building, and shortly thereafter construction of it was begun. Mrs. Co-burn subsequently decided that she wanted a rear porch added to the proposed building, and upon being informed that this would cost an additional $500.00, she agreed to execute a new note for the total amount due and to substitute it for the old note. On July 22, 1960, plaintiff, defendant, Rabalais and their attorneys met and pursuant to the above-mentioned agreement defendant executed a new note for $10,-500.00, made payable to the order of “Myself,” and endorsed in blank by Mrs. Co-burn. As security for the payment of this note, Mrs. Coburn on the same day executed another mortgage affecting the property on which the store was being built, and the note was paraphed to identify it with that mortgage. This new note was delivered to plaintiff Leonard immediately after it was executed, and plaintiff thereupon surrendered the original $10,000.00 note to Mrs. Coburn. By this suit plaintiff seeks to recover the amount due on the $10,500.00 note, dated July 22, 1960.
The record shows that on July 18, 1960, or about four days before the last described note was executed, plaintiff had issued a check for $500.00 to Rabalais’ wife, which check was cashed on the same day. Plaintiff testified that this check was issued as a part of the consideration for the $10,-500.00 note.
Although the construction of the store building was begun by Rabalais in 1960, the building was never completed, and defendant contends that the work which was. done was not performed according to the agreed plans, that the workmanship and materials were of inferior quality, and that the structure is totally unfit for the purposes for which it was built. Defendant resists payment of the note sued on, therefore, on the ground that there was a failure or lack of consideration.
The trial judge concluded, “that the building as it stood when abandoned by Rabalais was not in conformity with the contract, was not suitable for the purpose intended and made known to Rabalais and had a value far less than the agreed price for its construction.” Among other defects in the structure, it was established that the workmanship was poor, the materials used were of an inferior quality, the concrete used in pouring the concrete slab was of an inferior mix, the roofing had not been properly applied and the roof leaked, the timbers used in constructing the roof were too small to support the .weight they were required to bear, the roof sagged causing windows to break and allowing water to stand on the roof, the building was somewhat smaller than the size agreed upon, the walls were out of plumb, the exterior of the building had wood siding instead of brick veneer as called for in the plans, and the windows were fixed so that they could not be opened for ventilation. We think the evidence supports the conclusion reached by the trial judge that the building is unsuitable for the use intended for it, and that insofar as Rabalais’ promise or agreement to construct the store building is concerned, there has been a complete failure of consideration.
Plaintiff contends, however, that he is a holder in due course of the note, and accordingly, that the defense of failure of consideration is not available to the maker. He maintains that the consideration which he paid for the second note executed by defendant was the surrender of the original $10,000.00 note (of which he contends he was a holder in due course) and the payment of $500.00 in cash. He disagrees with the position taken by defendant that the consideration for the last note was the *237 promise of plaintiff and Rabalais to construct a store building on her property.
The trial judge concluded that plaintiff was not a holder in due course of either the original $10,000.00 note or the note upon which this suit is based. In arriving at that conclusion the trial judge said:
“ * * * it is difficult to accept plaintiff’s testimony as being within reason, beginning with his testimony that he paid Rabalais the sum of $10,-000 in cash. And, indeed, it is open to serious question that the fact of such payment is to be accepted as proved in the absence of some supporting evidence. Further, it is a tax on credulity to assert that such a sum would be advanced on the simple statement of a contractor that he was in the process of constructing a building, and without even an inquiry as to the status of the construction, or an inspection of the site, and without even the endorsement of the contractor on the note. Finally, plaintiff has not explained why he never contacted defendant or made any demand upon her for payment of the note although it matured sixty days after he claims to have acquired it, and never took any action with regard to it before joining in the letter of May 31, 1960 relative to an arrangement for Rabalais to fulfill his contractual obligation to defendant. In the face of these strong facts no conclusion within reason is possible other than that plaintiff has not proved that he was a holder in due course of this note.
“However, it might be conceded, for the purpose of argument, that plaintiff was a holder in due course of the original note, and still his case would not thereby be improved. This, of necessity, follows from the fact that plaintiff knew when he surrendered the original note and accepted its replacement that Rabalais had not discharged his obligation to Mrs. Coburn. As a matter of fact, he had this information at least as early as May 31st preceding, when he joined in the letter of that date to defendant, and was, therefore, chargeable with actual notice of the infirmities in the second note.
$¡ :}i % ‡ j)e
“The evidence in this case presents a rather clear picture and reveals without doubt that plaintiff at all times, beginning with his acquisition of the first note, was aware of the status of Ra-balais’ obligation to defendant, and it can only follow that the possession of such actual knowledge precludes the success of his claim to be a holder in due course of the note sued upon. See Commercial Germania Trust & Savings Bank v. Southwestern Surety Ins. Co. et al., 145 La. 367, 82 So. 373.”
The evidence shows that plaintiff was present when the note upon which this suit is based was executed, he participated in the negotiations which led up to the execution of that note, the note was issued by the maker directly to the plaintiff, and plaintiff had notice of all of the infirmities of said note. Under those circumstances, we think it is clear that plaintiff is not a holder in due course of the note sued on here, and that defendant may urge the defense of failure of consideration as to plaintiff’s demands based on that note.
Plaintiff contends, however, that there was not a failure of consideration, that he paid full value for the last note executed by defendant, the major portion of the consideration paid by him being the surrender to defendant of the original $10,000.00 note, which he contends was held by him as a holder in due course. The consideration for the original $10,000.00 note clearly was Rabalais’ promise to construct a building for defendant, and we have already determined that there was a failure of consideration at least insofar as that note is concerned. The important question presented here, however, is whether plaintiff was a holder in due course of *238 the original note, because if he was, then the defense of failure of consideration would not have been available to defendant in a suit on that note and she would have been obligated to plaintiff for the amount of such note. Under those circumstances, the surrender of the $10,000.00 note to her as a part of the consideration of the new note would constitute the giving of something of value for it. On the other hand, if the plaintiff was not a holder in due course of that note, then defendant could successfully resist payment of it on the ground of failure of consideration, and the surrender of that worthless note could not constitute the giving of value for the new one. See Phillips v. Gillaspie, La.App. Orl., 167 So. 242 (affirmed, 186 La. 45, 171 So. 567).
The Louisiana Negotiable Instruments Law (LSA-R.S. 7:1 et seq.) defines a holder in due course as follows:
“A holder in due course is a holder who has taken the instrument under the following conditions:
******
“(3) That he took it in good faith and for value;
“(4) That at the time it was negotiated to him he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it.”
The holder of a note is presumed prima facie to be a holder in due course, but when it is shown that the title of the person who negotiated the note was defective, the burden then is shifted to the holder to prove that he or some person under whom he claims acquired the title as a holder in due course. LSA-R.S. 7:59.
The jurisprudence of this state has been established to the effect that where the maker of a negotiable note establishes a failure of consideration, the burden is then upon the holder to prove that he is a holder in due course. Jefferson Securities Corporation v. Walsh, La.App. 3 Cir., 134 So.2d 107; Liberal Finance Westwego, Inc. v. Haughton, La.App. 4 Cir., 143 So.2d 245. See also Comment, 17 La.Law Rev. 466, 483.
In the instant suit the defendant, by showing that she received no consideration for the original $10,000.00 note, has established under our jurisprudence that the title of Rabalais to such note was defective. The burden of proof, therefore, shifts to plaintiff to establish that he acquired the note from Rabalais in good faith, for value and without notice of any infirmity in the instrument, and thus that he became a holder in due course. We agree with the trial court that plaintiff has failed to meet this burden of proof.
Since defendant was not obligated to pay the original $10,000.00 note because of lack of consideration, we hold that the surrender of that original note to her did not constitute the giving of a thing of value as consideraiton for the note subsequently executed by her and upon which this suit is based.
The evidence establishes that defendant did not receive any part of the $500.00 payment made by plaintiff to Rabalais’ wife, and that defendant received no benefit from that payment. Under those circumstances, we conclude, as the trial court apparently did, that plaintiff is not entitled to recover the amount of that payment from defendant.
For the reasons herein set out, the judgment appealed from is affirmed. All costs of this appeal are assessed to plaintiff-appellant.
Affirmed.