AYRES, Judge.
The object of this action by plaintiff against a district manager formerly in its *109 employ is the recovery on two promissory notes as well as on an alleged open account. The trial court found that, of the indebtedness sued upon, a $150.00 note had been paid by deductions from defendant’s salary; that the other note for $94.48 was issued under duress and without consideration, and that the account was either nonexistent or had been paid by deductions likewise made from defendant’s salary. From a judgment accordingly rejecting its demands, plaintiff prosecutes this appeal.
Soon after defendant’s employment, plaintiff advanced him the sum of $150.00 for which defendant executed his note dated October 9, 1963, payable on demand. It was agreed that payment of this note would be made by deductions from defendant’s salary. Pursuant to this agreement four deductions aggregating $33.36 were applied on the note. An additional deduction of $139.75 was made from defendant’s final paycheck. Moreover, during the course of defendant’s employment, a deduction denominated a “bond deduction” of $5.00 was made from each of plaintiff’s paychecks. The purpose of this fund, which had reached the sum of $50.00, evidently was to secure the payment of any indebtedness owed plaintiff by defendant. This fund, not having been used for any other purpose, should have been applied to liquidate whatever indebtedness defendant owed plaintiff, and defendant was entitled, at least to its application to the purpose for which it was created. Therefore, it can only be concluded that the aforesaid note was overpaid by the sum of $73.11, provided no deficiency existed in defendant’s accounts.
A discussion of the matter of the aforesaid deficiency is pertinent to the question of defendant’s liability on the second of the notes sued upon, as well as to the existence of any such deficiency. After several months of employment, defendant was presented with the note of $94.48 and was requested to sign it under penalty of immediate dismissal from his employment. Being in a financial strain due to illness in his . family and his urgent need for employment, defendant reluctantly signed the note but indicated thereon a protest in writing.
The aforesaid note, from plaintiff’s viewpoint, represents unremitted premiums collected on insurance policies. Defendant insists, however, he remitted all premiums collected and claims that the amount represented by the note, as well as the alleged deficiency in accounts, represents what is described as “excess arrears,” that is, premiums accruing on policies but not paid by the policyholders.
Therefore, the nature of plaintiff’s business and the manner of its operations appear pertinent. Plaintiff is engaged in an industrial life insurance business. The premiums for this type of insurance are collectible weekly by agents of the company who are required to remit their collections to their district manager and to submit to him a list of the policyholders who failed to pay their weekly premiums. The district manager is, in turn, required to remit the collections and to submit the reports to the home office of the company. If a premium is uncollected for any week, it is considered “in arrears.” Premiums for any policy may remain in arrears for no period exceeding four consecutive weeks. If on the fifth week the premiums are not made current, the agent and the district manager are required to obtain the policy for cancellation. If at that time the policy is obtained and forwarded to the home office for cancellation, the account is written off. However, if the agent or the district manager is unable to obtain the policy during the fifth week, the account remains outstanding but can no longer be reported in arrears and must be reported as a collection made. However, it is neither contended nor was it established that an agent or manager would be held personally responsible for any such deficiency unless the agent or manager failed to remit funds actually collected. In fact, plaintiff’s president testified there was no agreement whereby plaintiff assumed any responsibility for payment of such “excess arrears” in the absence of actual collection.
*110 There is no showing with respect to the “excess arrears” charged to defendant as to what portion, if any, represents premiums actually collected and unremitted and what portion represents premiums in arrears but uncollected from the policyholders. The voluminous weekly reports filed in evidence make no differentiation—nor does the testimony adduced on trial of this cause.
Moreover, defendant is charged with collections allegedly made during September, 1963, prior to his employment. Also included in the list of supposed credits and debits is an alleged indebtedness of $55.57, shown to have arisen subsequent to defendant’s employment.
While it is true, as appellant points out, that under LSA-R.S. 7:24 there is a statutory presumption that a promissory note or other negotiable instrument is issued for a valuable consideration, the jurisprudence is well established in this State, as in the majority of states, that, once a defendant is able to cast doubt upon the reality of the consideration, the presumption no longer obtains and the burden is then cast upon plaintiff to establish, by a preponderance of evidence, the existence of a consideration for the note.
Moss v. Robinson, 216 La. 295, 43 So.2d 613 (1949); Bernard Brothers v. Dugas, 229 La. 181, 85 So.2d 257 (1956); Cooper v. Succession of Cooper, 234 La. 832, 101 So.2d 686 (1958); Tatum v. Four Pac Oil & Chemical Corp., 132 So.2d 569, La.App., 3d Cir. 1961 (certiorari denied).
Moreover, it was held in the Bernard case that a maker’s testimony alone, in the light of surrounding facts, is sufficient to rebut the statutory presumption and shift to plaintiff the burden of proving, by a preponderance of the evidence, a consideration for the execution of a negotiable instrument. Accordingly, defendant’s positive testimony that he signed the note lastly referred to hereinabove because he was in fear of losing his job and that he received no consideration therefor, particularly in view of his protest entered upon the note itself, casts upon plaintiff the burden to establish that a valuable consideration existed.
For the reasons assigned, it can only be concluded that plaintiff failed to sustain its burden of proof, not only with reference to this note but with reference to the alleged deficiency in defendant’s accounts. The evidence abundantly supports the conclusions reached by the trial court.
The judgment appealed is therefore affirmed at plaintiff-appellant’s cost.
Affirmed.