LANDRY, Judge.
Defendant Whittington appeals the judgment of the trial court recognizing plaintiff bank as the holder in due course of two promissory notes executed by defendant, and also awarding plaintiff judgment for the balance due on the instruments together with interest and attorney’s fees. We affirm.
The defenses interposed are essentially that plaintiff is not a holder in due course; that the notes were given without consideration and, alternatively, the notes represent a conditional obligation which never matured.
The facts are virtually undisputed. Appellant was engaged by a corporation known as Jennifer, Inc. (Jennifer) which concern, for all practical purposes, was wholly owned by its President, Bilwood Smith, now deceased. Jennifer’s principal business was that of constructing duplex apartment buildings in the Baton Rouge, Louisiana area for sale, as investments, to various professionals. Appellant’s duties consisted of doing whatever tasks were assigned him by Smith, including acting as salesman of duplex apartment units. In addition to other compensation received from Jennifer, appellant was paid a commission of $150.00 for each apartment he sold.
Defendant testified that the apartments constructed by Jennifer sold for $32,000.00 each. He explained that Smith’s modus operandi was to obtain a $3,000.00 note from each purchaser as a down payment. A purchase agreement was then entered into- between Jennifer and the buyer wherein Jennifer obligated itself to obtain permanent financing for the remaining $29,000.00. The down payment notes were then discounted with plaintiff bank and the proceeds thereof deposited to Jennifer’s account. Appellant concedes that although he owned no stock in Jennifer, he held the title of Vice President of that concern and was duly authorized to conduct certain banking functions for the corporation, including the discounting and depositing of notes given as down payments for apartment purchases.
Appellant concedés signing the notes in question which instruments are regular on their faces and contain no conditions, limitations or restrictions whatsoever. Subject to plaintiff’s objection, defendant explained the notes in question were given as down payments on two duplex apartments which defendant desired to purchase for his own account. Defendant testified, also subject to plaintiff’s objection based on the best evidence rule, that purchase agreements were signed in each instance which provided that Jennifer would obtain permanent financing for the remaining $29,000.-00 balance of the purchase price. Appellant further testified that it was agreed with Smith that if permanent financing were not obtained, the notes would be returned to the maker who would not be liable thereon or if the notes had been discounted by Jennifer, the corporation would assume full responsibility therefor. He also testified that no permanent financing was ever arranged with respect to the units he was to purchase. Appellant concedes that on the date his notes were given, he personally discounted the notes with plaintiff bank and deposited the proceeds thereof to Jennifer’s account.
Appellant denies that plaintiff is a holder in due course. It is contended that appellant received no consideration for the notes because he obtained nothing in return. Appellant also maintains that the obligations were conditional in that if Jennifer could not arrange permanent financing for the sales, the agreements to buy and sell were nullified thus canceling any obligation of the purchaser on the note given as a down payment. Finally, appel *315 lant alleges that plaintiff is charged with actual or constructive knowledge of the asserted infirmities through Smith who was vice chairman of the board of plaintiff hank and who also held numerous committee assignments with plaintiff institution.
Disposition of this matter depends upon whether plaintiff meets the requirements of a holder in due course as set forth in La.R.S. 7:52, which reads as follows:
“A holder in due course is a holder who has taken the instrument under the following conditions:
(1) That it is complete and regular upon its face;
(2) That he became the holder of it before it was overdue; and without notice that it had been previously dishonored, if such was the fact;
(3) That he took it in good faith and for value;
(4) That at the time it was negotiated to him he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it.”
Defendant acknowledges- that after Smith’s demise, he continued to discount Jennifer’s notes at plaintiff bank, and also personally endorsed certain negotiable instruments deposited to Jennifer’s account. He contends that when he took his own notes to plaintiff bank, he did not know he was discounting them as he did not believe they represented an unconditional obligation. He concedes that following Smith’s death, he could find no evidence in’ Jennifer’s records of a purchase agreement-signed by him. Defendant likewise acknowledges that when he deposited his own notes with plaintiff bank, he said nothing about the alleged conditional nature of the notes to the bank representative who handled the transaction.
When questioned about the nature of the alleged transaction with Smith, defendant responded:
“The transaction would be a sale of houses, which would be duplexes. These houses would have a down payment identified with a note, and when permanent financing was available, then the down payment would be in effect. If something were to happen, then the note would either, was supposed to have been returned or it would, as understood, the a loan would be set up for Jennifer, Inc. and the corporation would cover that.”
Frank Clark, Vice President of plaintiff bank, testified that defendant discounted subject notes on July 11, 1968, the date on which the notes were executed, and deposited the proceeds to Jennifer’s account. He also stated that Jennifer paid two interest installments on the notes aggregating $243.28 on each note. '
Donald C. Haney, President of plaintiff bank, testified that Smith was a co-organizer of plaintiff bank and a member of its board of directors. ' He also stated that while Smith held numerous committee appointments with the bank, Smith did not participate in the day to day administrative operation of the institution. He stated that Smith made arrangements to discount a series of notes at plaintiff bank. Haney acknowledged that Smith advised him that such notes were given in down payment of the purchase price on apartments, but did not mention that the notes were conditioned upon the obtaining of permanent financing from other lending agencies or institutions. He stated that the notes were complete, regular and unconditional upon their faces and that he had no knowledge of their issuance subject to any contingency whatsoever.
La.R.S. 7:24 provides that every negotiable instrument is deemed prima facie to have been issued for valuable consideration, and every person whose signature appears thereon is presumed to have become a party thereto for value.
Defendant, relying upon Griffin & Dyson v. Cowan, Dykers & Co., 15 La.Ann. *316 487, and Lighthouse Life Insurance Co. v. Johnson, La.App., 180 So.2d 108, and authorities cited therein, contends that the presumption of consideration may be overcome against a holder not in due course, upon the maker casting doubt as to whether a note was given for valuable consideration. We have reviewed the cited authorities and find that they do indeed establish that as against one not a holder in due course, a lack of absence of consideration may be shown. However, the rule advocated by appellant is without application in this instance inasmuch as we find that plaintiff was in fact a holder in due course.
We find that the trial court correctly held that plaintiff was a holder in due course. The notes were complete and regular on their faces. The notes were received before maturity. Plaintiff bank was in good faith, paid value in each instance, and had no notice of infirmity in the instruments or defect in the title of the negotiator.
Assuming arguendo that plaintiff bank knew the notes in question were given in consideration of an executory or conditional contract, such knowledge would not preclude plaintiff from being a holder in due course unless plaintiff were aware of the breach of the agreement when plaintiff became holder of the instruments. See Continental Bank & Trust Company v. Ad-amson, La.App., 194 So. 139, and authorities therein cited. The record discloses that plaintiff could not have possibly known of a breach of Jennifer’s alleged obligation when plaintiff became holder of the notes because the alleged breach did not occur until sometime after plaintiff. discounted the paper. In this regard, we again point to defendant’s testimony to the effect that when he discounted his own notes to plaintiff, he did not mention that the notes were conditioned in any way whatsoever. It is clear that the alleged failure did not occur until after plaintiff became a holder in due course.' Failure of consideration may not be urged as a defense against a holder in due course. La. R.S. 7:28.
Appellant cites Commercial Germania Trust & Savings Bank v. Southwestern Surety Ins. Co., et al., 145 La. 367, 82 So. 373, as authority for the rule that where a holder accepts a note, knowing it to be conditional, the holder cannot be a holder in due course. Our reading of the cited authority discloses that it does not so hold. The facts in the quoted authority were that a bank accepted as security a note which it knew had suffered an antecedent failure of consideration because the negotiator had not fulfilled its obligation to construct a certain building. The court found that since the holder knew of the infirmity at the time it acquired the note, namely, the previous failure of consideration, it could not be a holder in due course. This is not to say that knowledge of the conditional nature of a note prevents the holder from being a holder in due course. As previously shown, mere knowledge of the conditional nature of a note does not disqualify a holder from being a holder in due course unless the holder is aware of the breach of the condition when the note is accepted. Continental Bank and Trust Company v. Adamson, above.
The judgment of the trial court is affirmed at appellant’s cost.
Affirmed.